Decree affirmed and appeal dismissed at the costs
of appellants.

# Appeal of Rowley *et al.*

1. In equity, the answer of the defendant, if responsive to the bill, is con-
clusive, unless overcome by the testimony of two credible witnesses, or
the testimony of one witness and such corroborative facts or circum-
stances as are equal to the testimony of a witness.

2. The plaintiff, in his bill against a corporation and its stockholders
denying his right, alleged that he was an original subscriber for stock
in a corporation, that he tendered the company the amount due on his
stock, which was refused and his right as a stockholder denied. The
answer admitted his subscription for said stock, but alleged that it was
accompanied with an agreement that the subscription was wholly for
the use of one of the defendant stockholders. *Held* (*a*), That the alle-
gation of the answer was not subsequent matter, alleged in avoidance,

but a material portion of the facts in the case, and that the answer was responsive to the bill. (b) That the statement, acknowledgment and affidavit upon which the governor directed the charter to issue, together with the charter itself, was testimony corroborative of the testimony of the plaintiff, equal to the testimony of another witness.

January 10th, 1887. Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, and GREEN, JJ. PAXSON and CLARK, JJ., absent.

APPEAL from the Court of Common Pleas No. 2 of *Philadelphia county*: In equity: Of January Term 1886, No. 168.

Appeal by Salmon B. Rowley, the Hero Fruit-Jar Co. and Francis W. Kennedy from the decree of said court, ordering that William Tillyer be admitted as a stockholder in the Hero Fruit Jar Co.

William Tillyer filed his bill in equity against Salmon B. Rowley, the Hero Fruit Jar Co. and Francis Kennedy praying that a decree might be entered, compelling the defendants to admit him as a stockholder in the Hero Fruit Jar Co. The defendants each filed an answer. An Examiner, James W. Latter, Esq., was appointed. He took the testimony and reported the same to the court. The court thereupon heard the case on bill, answers, replications and proofs. A decree was entered in favor of the plaintiff and against the defendants, MITCHELL, J., filing the following opinion:—The bill sets out the incorporation of the respondent company; that complainant was one of the original corporators and subscribed for one hundred shares of stock; that he has tendered the amount of his subscription already due, and is ready and willing to pay the rest; and that in violation of his rights respondents refuse to receive his subscription and issue his stock. The bill also set out that complainant was a director and was excluded from his proper rights to examine the books, etc. This part of the bill, however, is not now pressed, as the term for which complainant was elected a director has expired since the bill was filed.

The three respondents filed separate answers, that of Kennedy disclaiming any interest in the suit and any personal knowledge of the plaintiff's title to the stock claimed. The answer of the other respondents, the company by Rowley as president, and Rowley for himself, are in substance the same. They do not deny that complainant was an original subscriber to stock, but set up an agreement with Rowley, Kennedy and four others (among whom complainant is inferentially included, for it is not in any place categorically averred that he was one of the four), by which the whole of the stock was to belong to Kennedy and Rowley who were to be the company, and

the other four who were to be mere figure-heads, without any rights of their own, and put up merely to make an apparent compliance with the requirements of the statute under which the company was to be incorporated.

The case having gone to an examiner, the complainant put in evidence the charter of the company, and testified to the facts substantially as set forth in his bill, and also explicitly denied being a party to, or having any knowledge of, the agreement set up in the answers.

The respondents offered no testimony, but rested on their answers.

Upon the case, as thus presented, we find the following facts:—The complainant was a subscriber to one hundred shares of stock in his own name and his own right; that he has tendered the amount of his subscription due at the time of filing his bill, and therefore that, upon payment of that installment and anything that may become due since the filing of this bill, he will be entitled to a certificate or other proper evidence of his ownership of the stock, and all the other rights of a stockholder.

1. The complainant's case is made out *prima facie* by his testimony. The answers do not deny the facts of subscription, tender, etc., as averred in the bill, but set up a certain agreement between complainant and others which alters complainant's rights, as they would be on the facts on the bill. It is not, therefore, a denial by answer responsive to the bill, entitled to the weight of such answer in equity, but new matter in confession and avoidance, putting the burden of proof of the agreement on those averring it.

2. Even if the answer should be treated as a denial responsive to the bill, we think the complainant's testimony is supported by such corroborative evidence as to overcome the answer even under the strictest rules of equity practice.

The certificate of association for the purpose of obtaining a corporate charter sets forth, *inter alia*, that " the undersigned, having associated themselves together for the purpose of manufacturing and selling glass," etc., " and desiring that they may be incorporated," etc., " do certify . . . . . that the names and residences of the subscribers, and the number of shares subscribed by each, are as follows: . . . . . William Tillyer, 100 shares." This certificate was signed by six subscribers, including the respondents, Rowley and Kennedy, three of whom, again including the respondents, Rowley and Kennedy, made affidavit before the recorder of deeds " that the statements made in the foregoing instrument are true."

This was a statement under oath by the respondents, in a solemn instrument, required by law for the purpose of obtain-

ing a charter. The Governor's order was based upon it, and recites that, " having examined the within application and found it to be in proper form," etc., he directs letters patent to be issued thereon, according to law.

We regard this as ample corroboration of the facts as they are set out in the bill and testified to by the complainant.

3. So far we have considered the answers as they stand, but we are also of opinion that the defence set up by them, even if clearly made out, could not be permitted in a court of equity. The Act of 29th April, 1874, grants certain privileges to five or more persons, associated for any of the purposes named in the Act, and the certificate of the respondents already referred to sets forth the names, etc., of six persons, as actually associated for the formation of the defendant corporation. The answers aver boldly that this was done " in order to comply with the requirements of the Act of Assembly," and go on to say, that complainant (and the three others in like situation) " had no right or interest in the said shares " subscribed for, and " simply consented to the use of his name." The use of his name for what? To make a sham compliance with the requirements of the Act. This defence, if true, was a plain fraud on the law. If the facts as now alleged by the respondents had been truly set forth in their application, the Governor would not have granted them a charter. By joining in an application which set forth the complainant and others as corporators according to law, the respondents estopped themselves from contesting the truth of that fact.

It is of no avail to say that many corporations are formed where a few leading corporators hold practically the whole stock. The law does not fix the amount of stock which each must hold, but it does fix explicitly the number who shall unite in the association. By the Act of 13th May, 1876, three persons may form a banking company; by the Act of May 1st of the same year, it requires ten to form an insurance company. The Act of 1874, under which defendant company was chartered, requires five. It is not for the court, still less for these respondents, to say that these requirements are mere formalities, and that a mere nominal compliance will be sufficient. The law fixes the number plainly and imperatively, and, though the interest of some of them may be small, it must be real. Even, therefore, if the agreement set up in the answers were fully proved, the respondents could not be permitted, against the policy of the law, to make it available as a defence.

On each of the above grounds there must be decree for the complainant.

And now, April 25th, 1885, this cause came on to be heard on bill, answer, replication and proofs, and was argued by

counsel, whereupon, on consideration by the court, it is ordered, adjudged and decreed as follows:

(1.) That the said Hero Fruit Jar Co., defendant, be required to receive from the plaintiff the sum of $2,000, and to execute and deliver to him a certificate or other proper evidence of his ownership of one hundred shares of the stock of the said company, the said payment to be made and received as an instalment of twenty per cent. on the said one hundred shares of stock, subscribed for by the plaintiff, and mentioned in the bill, said amount to be paid to, and received by, the said Francis W. Kennedy, or whoever may now be treasurer of said company defendant.

(2.) That the said Hero Fruit Jar Co., and the said Salmon B. Rowley, president, and Francis W. Kennedy, treasurer thereof, and the officers, agents and employees of the same be, and they hereby are, enjoined and perpetually restrained from refusing to recognize the plaintiff as the owner of said one hundred shares of stock in said corporation, and from refusing to pay him any dividends which may have been heretofore, or may hereafter be, declared thereon, and from interfering with his rights and privileges as such owner, in any way whatsoever.

The defendants thereupon took this appeal, and filed the following assignments of error:

First. That the court below erred in finding that the complainant was a subscriber to one hundred shares of stock in his own name and in his own right.

Second. The court below erred in finding that the answers of the defendants, the Hero Fruit Jar Co. and S. B. Rowley, were not responsive to the bill.

Third. The court below erred in finding that the complainant's testimony was supported by such corroborative evidence as to overcome the effect of the answer.

Fourth. The court below erred in finding that the certificate of incorporation was ample corroboration of the statements contained in plaintiff's bill.

Fifth. The court below erred in holding that the transaction, stated in defendants' answer, was a fraud in the law.

Sixth. The court below erred in directing the defendant, the Hero Fruit Jar Co., to recover from the plaintiff the sum of $2,000, and to execute and deliver to him a certificate or other proper evidence of his ownership of one hundred shares of the stock of said company, said payment to be made and received as an instalment of twenty per cent. on the said one hundred shares of stock subscribed for by plaintiff.

Seventh. That the court erred in directing the defendants to recognize the plaintiff as the owner of one hundred shares

of stock, and to pay him such dividends as may be declared thereon.

Eighth. That the court below erred in not dismissing the plaintiff's bill with costs.

*R. C. Dale* and *Samuel Dickson* (*John G. Johnson* with them), for appellants.—The answer of the defendants was responsive to the bill of the plaintiff.

An answer responsive to the bill is conclusive except when overcome by the testimony of two witnesses or one witness and corroborating facts equivalent to a witness: Eaton's Appeal, 16 P. F. S., 483 ; Cresson's Appeal, 10 Norris, 168 ; Burke's Appeal, 3 Out.; Audenreid's Appeal, 8 Norris, 114 ; Campbell *v.* Patterson, 14 Norris, 447.

There is nothing in the transactions, stated in the defendants' answers, which is contrary to public policy, or contrary to the policy of the law, or a fraud upon the statute.

The answer shows that, while the plaintiff was the subscriber and assumed to third parties the responsibilities of a corporation and stockholder, the real ownership of the shares, subscribed for by plaintiff, was in the defendant Rowley, who, with F. W. Kennedy, furnished the money and property with which this stock was paid for. While the plaintiff was a stockholder to the public, as between himself and Rowley, the relation was of trustee and *cestui que trust.* In the creation of this relation, no provision of the statute was violated, and, the contract being made in good faith, the parties should be compelled to carry it out. At all events the aid of a chancellor will not be given to one party who is endeavoring to escape from the effect of his own undertaking.

*George Tucker Bispham* (*Wayne MacVeagh* with him), for appellee.—When the plaintiff in his bill alleges the existence of certain facts, everything in the answer is responsive which denies or otherwise calls in question those facts. The decisions are not authority for the position that when a plaintiff states his case upon certain facts, the defendant may obtain the advantage of a responsive answer by alleging the existence of other facts, and connecting them with the facts averred by the plaintiff merely by the statement that they are part of the transaction to which the plaintiff in his bill refers. If this were the law, it would not be difficult for any defendant in equity proceedings to appropriate to himself every advantage of pleading by simply using a little care to frame his answer in confession and avoidance in such a way as to make it appear that it constituted his own version of the same facts as the plaintiff alleged. Of course, this would be annulling the effect

of the rule, as laid down in Eaton's Appeal, 16 P. F. S., 483, that an answer, to be responsive, must, in truth, be a part of the facts stated in the bill: Cresson's Appeal, 10 Norris, 168; Burke's Appeal, 30 Out., 350; Eberly *v.* Graff, 2 H., 251; Pusey *v.* Wright, 7 Casey, 387.

The central vice of the argument is that it first assumes the existence of the agreement, and then affirms that the appellee attempts to repudiate it. But the fact is, the alleged agreement had no existence, excepting so far as it is possible to establish it by the answers. The bill ignored it, and the testimony of the appellee denied it. The bold demand of these appellants, then, is, after acknowledging themselves parties to a fraud, that they be permitted to establish by their testimony the fact of the fraud, in order to avail themselves of the benefit of it, as a defence to an honest and legitimate claim of the appellee. They practically concede the righteousness of the appellee's demand by their assertion that "each one of the six is liable to the full amount of his subscription." For it is elementary corporation law that when the corporation may enforce the subscription, the subscriber has a right to his shares—this right of the subscriber constituting in the main the consideration by virtue of which the corporation may enforce his subscription: Taylor on Corporations, section 40, note.

Mr. Justice TRUNKEY delivered the opinion of the court, March 21st, 1887.

The bill sets forth, among other things, that the capital stock of the company consists of five thousand shares of the par value of one hundred dollars each; that the plaintiff, as one of the original stockholders, subscribed for one hundred shares, and that the defendants have refused to give him a certificate, and have confederated to deprive him of his rights as a shareholder.

With reference to that, in the answer, Rowley denies that the plaintiff ever was the real owner of any shares, and says that the plaintiff consented to the use of his name as subscriber for one hundred shares of stock, under an agreement that, upon demand, he would transfer and assign the same to said Rowley, as the true and equitable owner, which he has since refused to do.

The answer shows that, at the time the plaintiff subscribed, he agreed that his subscription should be for the sole benefit of Rowley. Admitting the act of subscribing, it declares that the act was accompanied with an agreement that the subscription was wholly for the use of one of the defendants. This is not subsequent matter alleged in avoidance; if true, it is a material portion of the facts in the case of the plaintiff which

he accidentally omitted.    We think the answer is responsive:
Eaton's Appeal, 66 Pa., 483 ; Burke's Appeal, 99 Pa., 350.

We are of opinion that the learned judge of the Common
Pleas rightly ruled that " the complainant's testimony is sup-
ported by such corroborative evidence, as to overcome the
answer even under the strictest rules of equity practice."

In pursuance of the statute, the charter of the intended
corporation was subscribed by six persons, and in it were
written their names and residences, and the number of shares
subscribed by each, and the number and names of the directors
for the first year.    Rowley, Francis W. Kennedy and Henry
H. Kennedy deposed that the statements made in the charter
are true.    How could they have made the affidavit if they
knew or believed that four of the persons were not good faith
subscribers, that, in fact, Rowley and F. W. Kennedy owned
the entire stock, and that three, of the five directors named,
owned no stock and had no interest in the corporation?

The charter, with the requisite affidavit, is in evidence that
oath was essential in obtaining the charter.    The statements,
acknowledgment and affidavit, prescribed by law, are not
formal and idle.    Although the burden is on the plaintiff, the
testimony of one witness has corroboration fully equal to the
testimony of another.    Indeed the stronger evidence is the
charter itself.    As against him who made oath that the state-
ments therein are true, it is written evidence of high character,
to repel an allegation which is irreconcilable with those state-
ments.

It being determined that the plaintiff is a stockholder, as
alleged in the bill, we express no opinion on the question
raised in the fifth assignment of error.

Decree affirmed, and appeal dismissed at costs
of appellants.