IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

EASTERN DISTRICT—PHILADELPHIA, 1891.

## J. SHRAWDER ET UX. v. J. L. SNYDER.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY.

Argued February 5, 1891—Decided April 27, 1891.
[To be reported.]

1. A deed for land owned by a married woman, executed and acknowledged by herself and husband in 1846, the certificate of acknowledgment being defective in not showing a separate examination of the wife, was rendered a valid and effective conveyance by the curative sections of the acts of April 11, 1848, P. L. 526; January 24, 1849, P. L. 676; April 25, 1850, P. L. 576.

2. It seems: Said sections are re-enactments of §§ 15, 16, act of April 16, 1840, P. L. 361, applying to any deed of conveyance " bona fide made and executed by husband and wife, and acknowledged by them . . . . before the first day of January next; " and such a deed being offered, it is unnecessary to prove affirmatively that it was " bona fide made and executed," until the contrary is averred.

3. The defendant in ejectment having put in evidence a deed, executed by the plaintiff and her husband prior to 1846, but with a defective certificate of acknowledgment, a reservation of the point " whether there is any evidence to be submitted to the jury upon which the plaintiff can recover," fairly raised the question as to the force of subsequent curative laws upon such defect.

Statement of Facts.

Before Paxson, C. J., Sterrett, Green, Clark, Williams, McCollum and Mitchell, JJ.

No. 42 January Term 1891, Sup. Ct.; court below, No. 118 June Term 1889, C. P.

On May 2, 1889, Joseph Shrawder and Catharine, his wife, in right of said wife, brought ejectment against Jesse L. Snyder, for a farm in Montgomery county. By a disclaimer subsequently filed, the plaintiffs' claim was limited to the undivided one half of the land. The defendant's plea was not guilty.

At the trial, on December 11, 1889, the plaintiffs, having shown title to the farm in question in Levi Custer, by a conveyance from Jacob Zimmerman, dated April 11, 1812, called a witness whose testimony showed that Levi Custer died some time prior to 1850, leaving two daughters, Hannah and Catharine, the latter of whom married Joseph Shrawder, and that Catharine and her husband, the plaintiffs in this suit, resided upon said land until a short time before the suit was brought. The plaintiffs then rested their case, after putting in evidence the writ of ejectment with the return of the sheriff thereto.

The defendant offered in evidence a deed executed by Hannah E. Custer, and Catharine Shrawder and husband, dated February 4, 1846, recorded February 5, 1846, purporting to convey the farm in question to John Shrack. The certificate of acknowledgment appended to the deed did not set forth any separate examination of Catharine Shrawder. In certifying the acknowledgment, the justice of the peace who took it used a printed blank upon the deed, containing a clause in the usual form for certifying the separate examination of a married woman. The name of Mrs. Shrawder was not written in the blank space designed for that purpose, in this part of the printed form, and the entire clause relating to the separate examination was erased or canceled by lines drawn across the printed words thereof, making the certificate as thus altered, read as follows :

" Montgomery County, ss.

" On the fourth day of February, A. D. 1846, before me, the subscriber, one of the justices of the peace in the aforesaid county, personally appeared the above named Hannah Custer, Joseph Shrawder and Catharine his wife, and in due form of

Arguments.

law acknowledged the above indenture to be their act and deed, and desired that the same might be recorded as such.

"Witness my hand and seal," etc.

"WM. ZIMMERMAN. [SEAL.]"

The deed was admitted in evidence against the objection of the plaintiffs. The defendant also put in evidence, under objection, a subsequent chain of title consisting of a deed from John Shrack to Joseph Shrawder, dated February 9, 1846, for the same premises; mortgage from Joseph Shrawder to George W. Oliver, dated April 22, 1886; sheriff's sale, under a judgment on said mortgage, to Oliver's executors; a deed in pursuance thereof, and a deed from said executors to the defendant.

The testimony being closed, the court, WEAND, J., charged the jury as follows:

In this case, you will find a verdict for the plaintiffs, the court reserving the question of law as to whether there is any evidence to be submitted to the jury upon which the plaintiffs can recover.

—The jury having returned a verdict as directed, the defendant moved for judgment in his favor non obstante veredicto. After argument, the court, WEAND, J., overruled the motion, and directed judgment to be entered for the plaintiffs upon the verdict. Judgment having been entered, the defendant took this appeal, specifying that the court erred:

1. In dismissing the rule for judgment, non obstante veredicto.

2. In not entering judgment for the defendant, non obstante veredicto.

3. In entering judgment for the plaintiffs on the verdict.

*Mr. John G. Johnson* (with him *Mr. Louis M. Childs* and *Mr. Montgomery Evans*), for the appellant:

The provisions of § 16, act of April 16, 1840, P. L. 361, were re-enacted by the acts of April 11, 1848, P. L. 526; January 24, 1849, P. L. 676; and April 25, 1850, P. L. 576, "as fully and effectually as if the same were herein set forth in extenso." By such re-enactments all such deeds as the one here in question, acknowledged prior to 1850, have been made valid and effectual to convey the estate of the wife. There is

no decision upon the effect of the act of 1840, but there are two cases holding that the act of April 3, 1826, 9 Sm. L. 126, which in all substantial particulars is precisely similar, was sufficient to cure defects in acknowledgments such as appear in the Shrawder deed: Tate v. Stooltzfoos, 16 S. & R. 35; Mercer v. Watson, 1 W. 330. For the form of the acknowledgment in the latter case, see Watson v. Bailey, 1 Binn. 470. Mercer v. Watson was affirmed by the Supreme Court of the United States in Watson v. Mercer, 8 Pet. 88, and it was cited without disapproval in Fries v. Railroad Co., 98 Pa. 142. It is due to the court below to say that the curative acts of 1840, 1848, 1849 and 1850 were not called to its attention. But, independent of the validity of the deed as to Mrs. Shrawder, the defendant is entitled to the possession under the mortgage, as it bound the curtesy estate, in possession, which was vested in the husband prior to 1848, and remains unaffected by the legislation subsequent thereto.

*Mr. George W. Rogers* (with him *Mr. George N. Corson*), for the appellees:

1. The appeal presents no question for argument. Judgment cannot be entered non obstante veredicto, unless the facts upon which the reserved point of law arises are stated on the record: Winchester v. Bennett, 54 Pa. 510; Wilde v. Trainor, 59 Pa. 442. An exception to the ruling of the court upon the reserved question, does not bring up the testimony taken at the trial: Central Bank v. Earley, 113 Pa. 477; Mohan v. Butler, 112 Pa. 590. A reservation, upon the whole case, of the question whether the plaintiff is entitled to recover, does not authorize the entry of judgment non obstante veredicto, for the defendant.

2. The point that the defective acknowledgment of the deed was cured by subsequent statutes, should not be considered, as it was not made before the court below: Cope v. Kidney, 115 Pa. 228. Those statutes, however, apply only to deeds " bona fide made and executed by husband and wife; " and there is no proof or allegation that the transaction in question was bona fide, that any consideration was paid, or any possession given under the deed. They were intended, also, to apply only when the acknowledgment was in fact made according to law. In

Arguments.

Mercer v. Watson, 1 W. 330, it might well have been presumed that the wife was separately examined; but, in the present case, any such presumption is excluded by the erasure of that part of the certificate. It not appearing by proof or presumption that there was a separate examination, the deed is invalid: Watson v. Mercer, 6 S. & R. 49; Steele v. Thompson, 14 S. & R. 84; Barnet v. Barnet, 15 S. & R. 72.

3. Again; the act of 1840 by its own terms applies only in cases arising " before the first day of January next; " that is, January 1, 1841, was fixed as the limit just as certainly and definitely as if the year 1841 had been mentioned in the act. The acts of 1848, 1849 and 1850 merely re-enacted that of 1840, and in order to find their meaning we must go back to that act. No time being fixed by any of the later acts, the limitation specified in the act of 1840 still governs, viz., January 1, 1841. It is nowhere said that the act of 1840 shall apply to cases arising before January 1, 1849, 1850, or 1851. These acts are " to be construed with strictness, and not to be extended by equity beyond the words of the statute: " Tate v. Stooltzfoos, 16 S. & R. 37. It follows, then, that they cannot be held to apply to the case at bar.

*Mr. Johnson*, in reply:

The form of the reservation in this case was: " Whether there is any evidence to be submitted to the jury upon which the plaintiff can recover." This is wholly different from a reservation of the sufficiency of the evidence, or whether on all the evidence the plaintiff can recover. It is a form of reservation expressly approved in many decisions of this court: Wilde v. Trainor, 59 Pa. 439; Koons v. Telegraph Co., 102 Pa. 164; Keifer v. Eldred Tp., 110 Pa. 1; Chandler v. Insurance Co., 88 Pa. 223. But, where there are no disputed facts, even a reservation as to the sufficiency of the evidence, or upon the whole evidence, is good: Hays v. Oil City, 35 Pittsb. L. J. 117 (9 Cent. R. 591). However, not having excepted to the form of the reserved question in the court below, the defendant cannot question it here: Headley v. Renner, 129 Pa. 542; Koons v. Telegraph Co., 102 Pa. 164; Insurance Co. of Penna. v. Insurance Co., 71 Pa. 31; Mohan v. Butler, 112 Pa. 590.

Opinion of the Court.

OPINION, MR. JUSTICE WILLIAMS :

The farm in controversy in this case belonged prior to 1846 to Hannah Custer and Catharine Shrawder (nee Custer), who were sisters. They conveyed it in that year to John Shrack by their deed in which Joseph Shrawder, the husband of Catharine, joined. Soon after, Shrack made a deed for the same farm to Joseph Shrawder. Both deeds were properly recorded. Forty years later, in 1886, Shrawder made a mortgage covering the same land to George W. Oliver for the sum of twelve thousand five hundred dollars. On default being made in the payments provided for, proceedings were had upon the mortgage which resulted in a sale of the mortgaged premises by the sheriff in 1888. Snyder, the defendant in this action, went into possession under the purchaser at sheriff's sale. Mrs. Shrawder, the plaintiff, claimed to recover an equal undivided one half of the property, on the ground that the deed made by her and her sister to Shrack in 1846 did not show that she had been examined by the magistrate separate and apart from her husband, or had separately acknowledged the deed, and that the deed was for this reason inoperative and void as to her.

The certificate of acknowledgment is clearly wanting in the particulars mentioned. It does not meet the requirements of the act of assembly that prescribes the form in which the acknowledgment of a married woman must be taken, and the learned judge was right in so holding. If the deed had been executed since 1850, the conclusion which he drew as to its effect in binding a married woman would have been inevitable. But the form provided by law may be modified or dispensed with altogether by the law-making power, and there is a series of statutes, beginning in 1770 and extending down to 1850, in which this right has been asserted and exercised. The acts of 1848, 1849, and 1850, with which the series of curative or validating laws ends, were modeled upon that of 1826. That act declared that no deed which had been executed in good faith prior to a date named therein, by husband and wife, and acknowledged before an officer authorized by law to take acknowledgments of deeds, should be defeated or held to be defective as a conveyance because the certificate of the officer failed to set forth the particulars necessary to show a full compliance with the statute in taking the acknowledgment of the wife.

The effect of this statute came under consideration in this court in Tate v. Stooltzfoos, 16 S. & R. 35. The constitutional power of the legislature in the premises was affirmed, and the act was held to cure just such defects in the certificate of acknowledgment as appear in this case. The certificate of the acknowledgment did not show a separate examination of or acknowledgment by Mrs. Tate, but the deed was held to be a valid and effective conveyance of her title, because it was within the operations of the act of 1826. The same question was again raised in Mercer v. Watson, 1 W. 330, and Tate v. Stooltzfoos was recognized as the law, and followed in that case.

The deed now before us has a defective certificate of acknowledgment by the officer before whom the parties appeared to acknowledge its execution. It fails in the same particulars as the deed in Tate v. Stooltzfoos, but it was executed in 1846. The curative acts of 1848, 1849, and 1850 are each and all applicable to it, and they operate to relieve against the defective certificate, and to give validity to the deed. Without this legislation, the deed would not bind Mrs. Shrawder, but with the aid thus afforded it becomes a valid and binding conveyance. Her title passed under it, because this legislation made what would otherwise have been a defective certificate of her acknowledgment a sufficient proof of her execution of this deed to vest her title in her grantee. The learned judge overlooked, or, what is a better statement of the fact, counsel failed to call his attention to the curative legislation applicable to this deed. The question is, however, fairly raised by the reserved point, and it is conclusive of the plaintiffs' title.

> The judgment on the reserved point is now reversed; and judgment is entered thereon in favor of the defendant, non obstante veredicto.