## Hand et al., Executors, Appellants, *v.* Weidner.

*Defective acknowledgment—Equity pleading—Responsive answer—Evidence.*

Where a bill in equity to reform a defective certificate of acknowledgment avers that the wife of the grantor was examined separate and apart from her husband, but that this, by accident and mistake, does not appear in the certificate, and the answer unequivocally denies the averment, the answer is responsive to the bill, and must stand until it is overcome by sufficient proof.

In this case the evidence was held insufficient to overcome the responsive answer.

Argued Feb. 23, 1892. Appeal, No. 110, July T., 1891, by plaintiffs, Isaac P. Hand and Edward S. Dolph, executors of Edward Dolph, deceased, from decree of C. P. Lackawanna Co., June T., 1890, No. 4, dismissing bill in equity against A. J. Weidner and Laura Weidner, his wife, et al. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Bill in equity to reform defective certificate of acknowledgment.

The second paragraph of the bill was as follows:

" That the said Laura Weidner, joining A. J. Weidner, her husband, being of full age, executed and delivered to said Dolph a release and quit claim to the said share of her father's estate, including said land, to said Edward Dolph on the 17th of April, 1868, and acknowledged the same in due form of law on the same day before H. W. Warner, a justice of the peace, duly authorized to take acknowledgments of deeds. And the said Laura Weidner was examined by said justice separate and apart from her said husband, the contents of the said deed having first been fully made known to her by the said justice, and she declared that she executed the said deed voluntarily and of her own free will and accord, without coercion or compulsion of her said husband; but in the certificate of the justice, by mistake and accident, the fact that such examination was made was not stated."

The second paragraph of the answer was as follows:

" We deny the statements set forth in paragraph second of said bill. When said assignment or release was signed and

delivered, no one was present but A. J. Weidner, Laura Weidner and Edward Dolph. That we, A. J. Weidner and Laura Weidner never acknowledged said release before N. W. Warner, Esq., or any other officer or person authorized to take acknowledgments of deeds."

The case was referred to Henry A. Knapp, as master, who reported that complainants were entitled to the relief sought. Exceptions to the master's report were sustained by the court, in the following opinion, by GUNSTER, J.:

" We agree entirely with the learned master that the material allegations of the plaintiffs' bill are the allegations that Mrs. Weidner was examined by the justice separate and apart from her husband, and that by mistake and accident the fact that such examination was made was not stated in the certificate of the justice, but we do not agree with him in the conclusion that the answer is not responsive to these allegations. They are contained, with others, in the second paragraph of the plaintiffs' bill. In the second paragraph of their answer the defendants say : " We deny the statements set forth in paragraph second of said bill. When said assignment or release was signed and delivered, no one was present but A. J. Weidner, Laura Weidner and Edward Dolph. That we, A. J. Weidner and Laura Weidner never acknowledged said release before N. W. Warner, Esq., or any other officer or person authorized to take acknowledgments of deeds." The second and third sentences of this paragraph, without more, may not be responsive, because, in the absence of fraud or duress, the certificate of the justice is conclusive as to the facts therein stated : Heeter v. Glasgow, 79 Pa. 79. But the first sentence is a specific denial of the material allegations of the plaintiffs' bill, and this denial must stand until it is overcome by sufficient proof. The case before us is entirely different from that of Cressona Association v. Sowers, 134 Pa. 354. In that case the answer averred that the instrument was not acknowledged as alleged in the bill, and that its acknowledgment was not duly certified, without stating how it had been acknowledged, and how the acknowledgment should have been certified, and it further averred that the wife had not been examined separate and apart from her husband. The court very properly held that the respondents, in their answer, admit all the necessary

facts for the relief asked, but set up that the concluding part of the certificate, as to the separate examination and acknowledgment by Catharine Sowers, is not true in fact. This fact of the answer clearly is not responsible to the bill, and, if regarded at all, would be treated as a cross-bill in which the respondents are the actors seeking relief, and that, in the absence of fraud or duress, the certificate of the justice was conclusive of the facts therein stated. In the present case, when the defendants deny ever having acknowledged the instrument without alleging fraud or duress, they specifically deny the allegations in the bill, that Mrs. Weidner was examined by the justice separate and apart from her husband. We think, under the rule laid down in Eaton's Appeal, 66 Pa. 483, that this was responsive.

" The learned master evidently bases his findings that the acknowledgment of Mrs. Weidner was not in the presence of her husband, and that her husband was not present when the justice made the contents of the deed known to her, etc., upon the idea that the answer is not responsive, for there is no sufficient evidence, outside of the averment in the bill, that she was examined by the justice separate and apart from her husband. The plaintiffs called only two witnesses on this question. One was Mr. Warner, the justice whose name is signed to the certificate, and the other was Mr. Weidner, the husband, who was called as for cross-examination. Mr. Warner testifies that he has no recollection about the acknowledgment one way or the other, that he knew nothing about the deed until two years ago, and intimates very strongly that it was never acknowledged by Mrs. Weidner before him, although he admits that his signature is attached to the certificate. Mr. Weidner testifies that he was never present when the deed was acknowledged by his wife; that it was given at his house; that no one was present except himself, his wife and Mr. Dolph, and that there was no justice there, and that he never acknowledged the deed before anybody, and that his wife did not go before a justice that day to his knowledge. Called in his own behalf, he testified that no one was present at the time the paper was delivered except his wife, Mr. Dolph and himself; that Mr. Dolph put the paper in his pocket and went away with it, and that he had not seen the paper from that time until it was shown

to him before the arbitrators. It is not necessary to set out the testimony of Mr. Weidner at length. The only legitimate inference to be drawn from it is that neither he nor his wife ever acknowledged the release.

"It is argued, however, by counsel for plaintiffs that the justice's certificate is conclusive of the facts therein set forth, and therefore the inference to be drawn from Mr. Weidner's. testimony is that he was not present when Mrs. Weidner's acknowledgment was taken. If the argument were sound the plaintiffs would still have the testimony of but one witness with which to overcome the answers which Mrs. Weidner made under oath. We do not think that the recording of the release, the lapse of time and the possession and use of the lands by the grantee without objection, is evidence tending to prove that Mrs. Weidner was examined by the justice separate and apart from her husband. [The plaintiffs having failed to prove by sufficient evidence the allegation of their bill upon which their whole case depends, it follows that the bill must be dismissed."] [1]

*Errors assigned* were (1) the portion of the opinion in brackets, quoting it; (2) in holding that the answer was responsive to the bill, quoting second paragraph of bill and second paragraph of answer; (3) in dismissing the bill.

*H. W. Palmer, I. P. Hand* with him, for appellants.—The answer was not responsive to the bill: Eaton's Ap., 66 Pa. 490; Cressona Ass'n v. Sowers, 134 Pa. 354; Pusey v. Wright, 31 Pa. 387: Daniel's Ch. Pr., 4th ed., p. 726. The certificate was equivalent to a second witness to the fact of the legal acknowledgment of the deed: Cressona v. Sowers, 134 Pa. 354; Heeter v. Glasgow, 79 Pa. 79; Williams v. Baker, 71 Pa. 476; Miller v. Wentworth, 82 Pa. 280.

Where there are particular, precise charges they must be answered particularly and precisely, and not in a general manner, though the general answer may amount to a full denial of the charges: Mitford & Tyler, Eq. Pl. 399, ed. 1876; 2 Eq. Cas. Abr.; Paxton's Case, Sel. Cas. Ch. 53; Prout v. Underwood, 2 Cox, Ch. 135; Hepburn v. Durand, 1 Bro. C. C. 503; Wharton v. Wharton, 1 Eng. Ch. R. 117; Forsyth v. Clark, 3 Wend. 643; Roundtree v. Gordon, 8 Mo. 19. A responsive

answer which proves to be false in part loses its special value as evidence that must be overcome by two witnesses: Young v. Hopkins, 6 T. B. Mon. 23.

*Samuel B. Price, W. H. Jessup* with him, for appellee.— When plaintiff, by his denial, alleges certain facts, anything which denies or otherwise questions those facts is responsive: Daniell's Ch. Pl. & Pr. 841, 3 Am. ed.; Eaton's Ap., 66 Pa. 483; Rowley's Ap., 115 Pa. 150; Bell v. Farmer's D. N. Bank, 131 Pa. 318.

The deed of a feme covert is void if it do not appear from the certificate of her acknowledgment that she was examined separate and apart from her husband. Nor can the magistrate testify that he examined her apart from her husband: Jourdan v. Jourdan, 9 S. & R. 268; Watson v. Bailey, 1 Bin. 470; Graham v. Long, 65 Pa. 383; Wonder v. Phelps, 109 Pa. 172; Caldwell's Ap., 7 Atl. R. 211.

An executory contract for the sale of land of a married woman is void unless legally acknowledged: Rumfelt v. Clemens, 46 Pa. 455; Miltenberger v. Croyle, 27 Pa. 170; Colburn v. Kelly, 61 Pa. 314; Roseburgh's Exrs. v. Sterling, 27 Pa. 292; Kirkland v. Hepselgefser, 2 Grant, 84; Glidden v. Strupler, 52 Pa. 400; Keen v. Coleman, 39 Pa. 299; Richards v. McClelland, 29 Pa. 385; Peck v. Ward, 18 Pa. 506; Keiper v. Helfricker, 42 Pa. 325; Steinman v. Ewing, 43 Pa. 63; Wilt v. Welsh, 6 Watts, 9; Kirk v. Clark, 59 Pa. 479; Forsyth v. N. A. Oil Co., 53 Pa. 169; Innis v. Templeton, 95 Pa. 262; Miller v. Ruble, 107 Pa. 395; Stivers v. Tucker, 126 Pa. 74; Davison's Ap., 95 Pa. 394; Buchanan v. Hazzard, 95 Pa. 240; Quinn's Ap., 86 Pa. 447.

A married woman cannot be estopped or improved out of her real estate: Stivers v. Tucker, 126 Pa. 74; Quinn's Ap., 86 Pa. 447; Buchanan v. Hazzard, 95 Pa. 240; Innis v. Templeton, 95 Pa. 262; Davison's Ap., 95 Pa. 394.

OPINION BY MR. JUSTICE MCCOLLUM, October 3, 1892.

This is a bill to reform a defective certificate of acknowledgment. It is authorized by the act of May 25, 1878, P. L. 149, and it charges inter alia that on the 17th of April, 1868, Laura Weidner and her husband A. J. Weidner, united in a deed of release and quit claim to Edward Dolph his heirs and

assigns, of the share or interest of the said Laura in the estate, real and personal, of her deceased father, which deed it alleges was acknowledged by them in due form of law before N. W. Warner, a justice of the peace duly authorized to take acknowledgments. It charges also that the said Laura was examined separate and apart from her said husband but that it does not appear in the certificate appended to the deed that such examination was made, and it prays that a decree may be made for the reforming of the said certificate so that the same may be in accordance with the facts. The allegations to which we have referred are contained in the second paragraph of the bill, and are met by an unequivocal denial in the second paragraph of the answer filed by the Weidners. This answer is, we think, responsive, and it casts on the appellants the burden of sustaining their averments by the proof which the law exacts in such cases: Eaton's Appeal, 66 Pa. 483; Burke's Appeal, 99 Pa. 350; Rowley's Appeal, 115 Pa. 150; Bell et al. v. The Bank, 131 Pa. 318. The learned judge of the court below, in his opinion sustaining the exceptions to the master's report, has fairly and sufficiently distinguished the present case from Cressona Association v. Sowers, 134 Pa. 354.

The certificate of acknowledgment is, in the absence of fraud or duress, conclusive of the facts therein stated, but it does not tend to establish the existence of other facts. The allegation in the bill that Laura Weidner was examined separate and apart from her husband derives no support from it. We must therefore have recourse to the testimony of the witnesses to determine whether such allegation is well founded. The only persons called by the appellants on this point, were N. W. Warner by whom it is claimed the acknowledgment was taken, and A. J. Weidner who was called as on cross-examination. Warner when first examined testified substantially that the deed was not acknowledged before him, although his genuine signature appeared on the certificate, but he afterwards admitted that he had no recollection on the subject. As to the evidence of Weidner it is sufficient to say in the language of the learned judge of the court below, " the only legitimate inference to be drawn from it is, that neither he nor his wife ever acknowledged the release." It follows that the material

allegation of the bill, to wit, that Laura Weidner was examined by the magistrate separate and apart from her husband, is not sustained.

The specifications of error are overruled.

Decree affirmed and appeal dismissed at the cost of the appellants.