169        359
21 SC ⁸361

# The New York and Ontario Land Company *v.* A. J. Weidner and Laura C. Weidner, Appellants.

*Equitable ejectment—Res adjudicata.*

In an action of ejectment where there is nothing in the record to show that it was an equitable ejectment, and where it is clear that the plaintiff's claim was partly if not exclusively on the ground that the deed under which defendant claimed title was not properly acknowledged, the mere fact that the defendant who was a grantee of the plaintiff held such a quasi fiduciary relationship to the plaintiff as to make the deed invalid is not sufficient to convert the action into an equitable ejectment, and to render the proceedings res adjudicata between the parties and privies; especially where the plaintiff, after obtaining possession, takes a rule upon the defendant to bring another ejectment or be barred.

*Administrator not a trustee as to realty.*

Where the administrator of an estate purchases from one of the heirs his interest in the land, pays the consideration, receives the delivery of the deed, and holds the same for twenty years without any allegation of fraud, the purchase will not be held to be within the rule which forbids a trustee from purchasing property from his cestui que trust. An administrator ex officio has no title to real estate belonging to the decedent, and holds no fiduciary or quasi fiduciary relationship to the heirs.

*Act of March* 12, 1891—*The distinction between suits and controversies.*

While several actions of ejectment brought to recover title to the same piece of land may all form part of the same controversy, they are, nevertheless, separate and distinct suits within the meaning of the proviso of the act of March 12, 1891, P. L. 53. Hence, where the first action of ejectment was brought before the passage of this act and the second afterwards, a deed which would have been defectively acknowledged had it not been for the curative provisions of the act, is admissible in evidence upon the second ejectment.

Where the deposition of a justice of the peace who had certified the acknowledgment of a deed was offered, not to show fraud or to deny his signature, but to contradict the fact that he had taken an acknowledgment, it was properly ruled as not admissible, because (1) the evidence of the fact is not admissible, and (2) the deposition taken in a suit between other parties is not admissible.

*Competency of witness—Act of* 1887—*Calling opposite party for cross-examination.*

Where the grantee in a deed is dead, the grantor is an incompetent witness against his assignee, and he is not rendered competent by the fact that he was called for cross-examination by the grantee's executors in another proceeding growing out of the same controversy.

Argued March 1, 1895. Appeal No. 296, Jan. T., 1895, by defendants, from judgment of C. P. of Lackawanna Co., April T., 1893, No. 78, on verdict for plaintiff, in an action of ejectment. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ. Affirmed.

Action of ejectment for an undivided one eighth of a tract of land in the borough of Olyphant. Before ARCHBALD, P. J.

Alexander Dolph died in 1860, seized of a tract of land in the borough of Olyphant. Eight children survived him, one of whom was Laura C. Weidner, the defendant, intermarried with A. J. Weidner. Edward Dolph, one of the sons, became his administrator. In 1868, Edward purchased of his sister, Laura, all her right, title and interest (being an undivided one eighth part) of the real and personal estate of their father.

In 1888, the said A. J. Weidner and Laura C. Weidner brought an action of ejectment against Edward Dolph for the one eighth interest in said estate which they had sold him in 1868. In 1889, Edward Dolph conveyed his interest in the property to J. B. Kerr, and in 1890 the said Kerr conveyed his interest to the plaintiff in this suit. Dolph died the same year.

The acknowledgment of the deed from A. J. Weidner and Laura C. Weidner, his wife, was defective in that the certificate failed to show that the said Laura C. Weidner had been separately examined; and in 1890, while the aforesaid action of ejectment was pending, a bill was filed by Dolph's executors to reform the acknowledgment of this deed. The answer of the Weidners denied that there had been any acknowledgment before the justice, N. W. Warner, who had certified the acknowledgment, or any other officer. The bill was dismissed in the court of common pleas, an appeal was taken to this court, and the decree affirmed: Hand v. Weidner, 151 Pa. 362.

The aforesaid action of ejectment was then brought on for trial, and in November, 1892, a judgment was had for Mrs. Weidner, an execution issued and she was put into possession of the land. In December of the same year, a petition was filed by her under act of assembly, requiring the defeated party or claimant to bring ejectment within six months or be barred, whereupon this suit was brought.

At the trial of the case plaintiff's counsel offered the assign-

ment from A. J. Weidner and his wife to Edward Dolph; it was objected to because not properly acknowledged. The objection was overruled and the evidence admitted, because of the statute curing defective acknowledgments, approved 12th of March, 1891, P. L. 53. [9]

The defendants offered to prove, by the deposition of the justice of the peace who had certified to the acknowledgment, that there was no acknowledgment of the assignment, but on objection this evidence was excluded. [6] Defendants then offered to prove, by A. J. Weidner, that the assignment was never acknowledged by either him or his wife. This offer was excluded on the ground that as Dolph was dead one of the other parties to the deed was incompetent. [7] Defendants then offered the notes of his testimony taken in the equity suit, this was also excluded. [8] The defendants also offered to prove that the value of the property in suit was very much greater than Edward Dolph, the administrator, had paid for it, but this evidence, on objection, was excluded. [3, 4, 5] The counsel for the plaintiff and defendants each asked for binding instructions. The court directed a verdict for the plaintiff for the land described in the writ. [1, 2]

All other facts necessary to an understanding of the case appear in the opinion of the Supreme Court.

Verdict and judgment for plaintiff.

*Errors assigned* were, (3–9) ruling on testimony as above; (1, 2) directing a verdict for plaintiff.

*S. B. Price*, for appellants.—The first ejectment was final, because based upon the illegal purchase by her brother, who was administrator of her father's estate, as well as upon a want of acknowledgment of the deed of assignment under which it was conveyed, and hence was equitable rather than legal in its character, and to be regarded as a bill in equity rather than as a possessory action at common law: Peterman v. Huling, 31 Pa. 432; Treftz v. Pitts, 74 Pa. 343; Winpenny v. Winpenny, 92 Pa. 440.

An administrator is a quasi trustee, and hence cannot purchase trust property from his cestui que trust: Spencer & Newbold's App., 80 Pa. 332; Greenfield's Est., 14 Pa. 489; Diller

v. Brubaker, 52 Pa. 498; 2 Lewin on Trusts, 631, Blackstone's
ed.; Article on Fraud in 8 Amer. & Eng. Ency. of Law, 647;
Swayze v. Burke, 12 Peters (U. S.), 11; Davoue v. Fanning,
2 Johnson's Chancery (N. Y.), 252; Rogers v. Rogers, 1 Hopk.
Ch. (N. Y.) 583, 596; 1 Pomeroy's Eq. Jur. secs. 176, 177, 178,
pp. 174, 175; 2 Pomeroy's Eq. Jur. sec. 1086, pp. 1616, 1617.

The act of March 12, 1891, does not apply to the case.   To
give an act of assembly a retrospective effect, the intent of the
legislature to that end must be clear: Endlich on Interpretation
of Statutes, p. 380, sec. 282, p. 382, sec. 283.

There can be no doubt that the legislature intended that
the act should not apply to all controversies then pending.
The word suit is a comprehensive term, and includes all con-
troversy between the parties: Ulshafer v. Stewart, 71 Pa. 170;
Dobbins v. First Nat'l Bk., 112 Ill. 553; 24 Am. & Eng. Ency.
of L. 493.

The interpretation adopted by the court causes a violation of
the fifty-fourth section of article three of the constitution: Pur-
don's Digest, p. 643, pl. 79; act of March 12, 1891, P. L. 53;
3 Amer. & Eng. Ency. of L. 681, 682; Commonwealth et al. v.
Halloway, 42 Pa. 446; McCabe v. Emerson, 18 Pa. 111; Men-
ges v. Dentler, 33 Pa. 495.

An acknowledgment may be shown to be false: Schrader v.
Decker, 9 Pa. 14; Confer v. Baker, 71 Pa. 476; Barnet v.
Barnet, 15 S. & R. 72.

Weidner was a competent witness because called for cross-
examination in the equity suit: Miller on Competency of Wit-
nesses, 75; Forrester v. Kline, 64 Pa. 32.

Under any circumstances his deposition taken in the equity
suit was admissible: Eckman v. Eckman, 68 Pa. 460; Gal-
braith v. Zimmerman, 100 Pa. 374; 1 Greenl. on Ev. sec. 552,
p. 590, sec. 421, p. 461, 12th ed.

The deed of a feme covert is void if it does not appear from
the certificate of acknowledgment that she was examined sepa-
rate and apart from her husband: Jourdan v. Jourdan, 9 S. &
R. 268; Watson v. Bailey, 1 Binn. 470; Graham v. Long, 65
Pa. 383; Wonder v. Phelps, 109 Pa. 172.

The doctrine of estoppel does not apply to a married woman.
She cannot be improved out of her real estate: Stivers v.
Tucker, 126 Pa. 74; Quinn's App., 86 Pa. 447; Buchanan v.

Hazzard, 95 Pa. 240; Innis v. Templeton, 95 Pa. 262; Davidson's App., 95 Pa. 394.

*Chas. H. Welles, H. W. Palmer* with him, for appellee.—
The disposition of the first ejectment suit and the equity suit brought to reform the certificate of acknowledgment did not preclude a second ejectment: Meyers v. Hill, 46 Pa. 9.

In Pennsylvania an administrator holds no fiduciary relationship to the realty: McCoy v. Scott, 2 Rawle, 222; Torr's Est., 2 Rawle, 253; Adams v. Adams, 4 Watts, 163; Com'th v. Hilgert, 55 Pa. 237; Schwartz's Est., 14 Pa. 47; Bakes v. Reese, 150 Pa. 46; Davoue v. Fanning, 2 Johnson's Chancery, N. Y. 253; Rogers v. Rogers, 1 Hopkin's Chancery, 583; Swayze v. Burke, 12 Peters, U. S. 11.

The act of March 12, 1891, cured a defect in the acknowledgment. The defendants' offers were rightly overruled.

OPINION BY MR. JUSTICE MITCHELL, July 18, 1895:

An outline of the facts in chronological order will assist in the consideration of the assignments of error.

1. 1868. Deed by appellant to Dolph, predecessor in title to appellee.

2. 1888. First ejectment, Appellant v. Dolph. Nov., 1892, judgment; and Dec., 1892, rule on appellee, terre tenant, to bring second ejectment.

3. 1889 and 1890. Deeds by Dolph to Kerr, and Kerr to appellee, and death of Dolph.

1890. Bill by Dolph's executors to reform acknowledgment of deed of 1868 from appellant to Dolph.

1891. Act of assembly relative to deeds. All the matters under this head occurred during the pendency of the first ejectment.

4. 1893. Present ejectment by appellee v. appellant.

It is claimed by appellant that the first ejectment was conclusive, being founded on a purchase of an interest in land by an administrator from one of the heirs, and as alleged, upon misrepresentations as to the value of the estate. And appellant claims that although an administrator has no title to the real estate, he is in the position at least of a quasi trustee, and therefore within the rule as to purchases by trustees from their cestuis

que trust.   Without going into this question it is sufficient to say that there is nothing on this record to show that that was an equitable ejectment.   It is denied by the appellee, and it is clear that the appellant's claim in that action was partly if not exclusively on the defective acknowledgment of the deed of 1868.   The record was offered in evidence " to show a former action of ejectment, and also to show an action pending when the act of 1891 was passed," and prima facie it was against the conclusiveness of the first ejectment, for it showed a rule by the appellant on the appellee to bring another ejectment or be barred.

Secondly, appellant argues that the act of 1891 does not apply to this suit, because in a large sense, to wit, in the sense of the controversy between the parties, it was pending at the time the act was passed.   This claim however is untenable.   The word used in the proviso to the statute is not " controversies " but "suits," and the legislature is presumed to know that the controversy in ejectment is not settled by a single suit.   The first ejectment was pending but judgment was entered after the act was passed, and on habere facias the successful party was put into possession.   That suit was certainly ended, and the present writ, subsequently issued by a different party and under compulsion of a rule, began a new and different suit.

But it is said that as applied to this case, the act of 1891 would violate section 54 of article 3 of the constitution that no law " shall be passed granting powers or privileges in any case where the granting of such powers and privileges shall have been provided for by general law, nor where the courts have jurisdiction to grant the same, or give the relief asked for."   The application of this argument is not quite clear.   The section of the constitution quoted is a prohibition against local and special laws, while the act of May 12, 1891, P. L. 53, is a general law applicable to all cases except those pending at the time of its passage.   The exclusion of all retroactive force does not detract from its general character.   If it be meant that the act of May 25, 1878, P. L. 149, already supplied a remedy, nevertheless the legislature might provide a new and different one.   Under that act the executors of Dolph filed a bill in 1890 to reform the defective acknowledgment of appellants' deed to Dolph.   That bill was dismissed, Hand v. Weidner, 151 Pa. 362, and if that was

a final adjudication of the same rights between the parties, undoubtedly no new statute could revive the controversy. But it was not. It was a bill in aid of a defense to the action of ejectment and set out that the deed had been properly acknowledged by appellants, and asked to have the certificate corrected accordingly. The answer denied the facts averred, and under the chancery rule requiring two witnesses to overcome a responsive answer, the plaintiffs failed to make out their case. That decision was that the defective certificate of acknowledgment could not be reformed. The act of 1891 has an entirely different purpose. It does not seek to correct defective acknowledgments but makes certain deeds valid and admissible in evidence notwithstanding such defects. It is a general curative act, in line with the presumption of the common law which dispenses with the production of the subscribing witnesses to deeds more than thirty years old, and in line also with the prior acts of assembly of Feb. 24, 1770, April 3, 1826, April 16, 1840, April 10, 1849, April 15, 1851, May 5, 1854, March 20, 1860, May 25, 1874, May 26, 1874, and others, which may be found in Brightly's Purdon's Dig. tit. Deeds, etc., and which have been held constitutional: Barnet v. Barnet, 15 S. & R. 72; Tate v. Stooltzfoos, 16 S. & R. 35; Mercer v. Watson, 1 Watts, 330; Grim v. School District, 57 Pa. 433; Shrawder v. Snyder, 142 Pa. 1.

The errors assigned as to the admission and rejection of evidence require little discussion. W. Dolph was called to prove that by direction of Edward Dolph the subsequent grantee, he had told appellant that she had better accept the offer of Edward for if not she would get nothing out of the estate. The learned judge rightly held that this was insufficient to set aside a deed delivered, consideration accepted, and no effort to charge fraud until twenty years later.

The deposition of Warner, the justice of the peace who had certified the acknowledgment, was offered not to show fraud or deny his signature, but to contradict the fact that he had taken the acknowledgment. His testimony was not admissible for this purpose, and his deposition was inadmissible for the additional reason that it was taken in a different suit between different parties.

A. J. Weidner was an incompetent witness. He was one of

the grantors in the deed to Dolph and Dolph was dead. Nor was his testimony in the equity suit made admissible here by his having been called there by the plaintiffs for cross-examination. Neither the issue nor the parties were the same. In the equity suit the appellee and Weidner were codefendants, and Weidner was called by the plaintiffs. Appellee could not have objected and he was not bound by the plaintiffs' waiver of the objection.

Judgment affirmed.