## Hileman Coal Company v. Phoenix Coal Company.

*Statute of limitations—Illegal mining of coal—Trespass—Action on case.*

1. An action brought for the illegal mining of coal is to be considered as an action on the case rather than in trespass, and the period within which the action must be brought is six years and not two years.

*Practice, C. P.—Pleading—Statement of claim—Illegal mining of coal— Averment as to time—Amendment.*

2. A statement of claim in an action for the illegal mining of coal is defective if it does not state when the alleged acts causing the damage occurred, but such statement may be amended.

*Statutes—Validating statutes—Act of March 20, 1923 — Provisos — Corporations.*

3. A statute validating acts done by corporations before recording their charters may be enacted by the legislature, and such acts are to be liberally construed.

4. Where a corporation begins an action before its charter is recorded and prior to the passage of the validating Act of March 20, 1923, P. L. 27, discontinues its suit with the concurrence of the defendant, the plaintiff may take advantage of the act and institute a second suit.

5. The proviso of the act exempting pending proceedings does not deprive plaintiff of the right to bring another suit.

6. The act is to be construed strictly so as to take no case out of the enacting clause which is not fairly within the terms of the proviso.

7. A proviso excepting pending suits from the operation of the act refers to pending proceedings, and not to controversies.

*Practice, C. P.—Discontinuance—Right to discontinue.*

8. Although plaintiff has no absolute right to discontinue a suit without the sanction of the court, yet the court will order a discontinuance upon payment of accrued costs, unless the defendant shows some reason which would affect the merits why it should not be done.

9. A discontinuance without the sanction of the court will be deemed sanctioned if made with the concurrence of the defendant and costs have been paid.

10. Except as to counter-claims, a discontinuance places plaintiff in exactly the same position as if an action had never been instituted.

Motion to strike off plaintiff's statement, and demurrer. C. P. Clearfield Co., Feb. T., 1924, No. 170.

*Hartswick, Arnold & Platt*, for motion and demurrer.

*Liveright & Chase*, contra.

CHASE, P. J., March 16, 1925.—The plaintiff, a corporation, filed its statement on Jan. 14, 1924, alleging the unlawful mining of coal by the defendant

from the plaintiff's property, asking damage for coal alleged taken and alleged injury to the property of the plaintiff by reason of operation. It is alleged the wrongs complained of were at divers times and dates subsequent to Jan. 1, 1920.

It appears from the statement that the control of the property in controversy came into the possession of the plaintiff by agreements, one dated Feb. 19, 1920, and the other Jan. 2, 1921. The motions to strike off the plaintiff's statements and raising questions of law raises several issues, which will be treated in the order in which they appear in the motions.

First, that the date or dates of the commission by the defendant of the acts alleged by the plaintiff, on which the action is based, are not alleged to have been committed within the statute of limitations. The defendant's counsel, at the argument, did not press this contention, as he felt, upon examination of the law, that the limitations fell within the six-year period rather than the two years. Examination of the decisions indicate that trespasses of the character herein complained have been considered actions upon the case rather than trespass, and that the period within which the actions may be brought is six years. See Lewey v. Frick Coke Co., 166 Pa. 536; Gotshall v. Langdon, 16 Pa. Superior Ct. 536.

The second reason assigned in the motion is that the acts complained of by the plaintiff are not pleaded as having occurred at any particular date, and the same are insufficiently pleaded and do not permit the defendants to properly know what issue they are called upon to meet. An examination of the plaintiff's statement shows that no attempt has been made to indicate any fixed period when the alleged acts causing the damage occurred, nor do the plaintiffs give any reason why a definite time is not set out. It further appears that the period set out as the beginning of the alleged unlawul acts is prior to the leases which the plaintiff claims give it the right to recover. However, counsel for the plaintiff states that the date appearing in the pleading is not the correct year and was the result of an unintentional error and desires to amend as to the same. It appears to the court, on examination of the statement of the plaintiff in regard to the complaint herein raised, that the same is too indefinite and does not give the information with that specificness which the defendant is entitled to, and the plaintiff should be required to set out more specifically the time when the alleged injuries occurred, unless sufficient legal reason is given for failure to so do, and the statement will have to be amended to meet the objection of the defendant in this particular.

The remaining question raised, and the only one that was seriously contended should prevail in this motion, is that the plaintiff brought an action in the Court of Common Pleas to recover for these alleged damages in September, 1922, and at the time that action was brought, because of the fact the charter of the plaintiff was not recorded as required by law, no recovery could be had. It is a fact that the charter of the plaintiff corporation was not recorded until Feb. 9, 1923, and the action brought in September, 1922, could have been successfully defended against because of the failure to have said charter recorded. However, the legislature, by Act of March 20, 1923, P. L. 27, passed an act to validate acts done by, or rights accrued to, corporations before the recording of their charters and making all such acts valid and effective for all purposes, with the provision that the act should not affect any proceeding pending at the time of its passage. The defendant contends that, inasmuch as suit was pending at the time the act of assembly above referred to was passed, the act has no application and the plaintiff cannot take advantage of the act in this proceeding. It is admitted this would

Hileman Coal Company v. Phœnix Coal Company.

be true if the plaintiff was proceeding under the action commenced in 1922, but the plaintiff, with the concurrence of the defendant, discontinued that action a short time after the passage of the Act of March 20, 1923, and then brought this action on Jan. 14, 1924.

The very purpose of an act of assembly such as we are herewith dealing is to remove legal disabilities which have no bearing upon the merits of an issue and to permit the trial of a cause upon the merits of an issue. Such statutes should be liberally construed and the legislature has power to pass such legislation: Quinn v. Fidelity, etc., Ass'n, 100 Pa. 382; Burton's Appeal, 57 Pa. 213; Kiskaddon v. Dodds, 21 Pa. Superior Ct. 352.

The defendant, however, contends that the clause exempting pending proceedings from the act prevents the plaintiff from receiving the benefits of the act because of the pending suit herein referred to. In construing the provisions of the act of assembly under consideration, the same is to be construed strictly so as to take no case out of the enacting clause which is not fairly within the terms of the proviso: Folmer's Appeal, 87 Pa. 133.

A proviso excepting pending suits from the operation of the act refers to pending proceedings and not to controversies: N. Y. & O. Land Co. v. Weidner, 169 Pa. 359.

This brings us to a consideration of the question, what effect the discontinuance had in the light of the legislation in question. As a general rule, a discontinuance or dismissal is a final decision of that action as against all claims made by it. A dismissal carries down the previous proceedings and orders in the action, and there remains no cause pending in which a third person may be permitted to intervene or in which the defendant may thereafter file an answer or plea, nor has the defendant the right to have the case reinstated when the answer merely attempts to vary or put a different construction on the subject-matter of the complaint. See 18 Corpus Juris, page 1170, § 59; page 1171, § 60. Although the litigant has no absolute right to discontinue without the sanction of the court, and the sanction was not secured in this case, nevertheless, it must be kept in mind that the court permits such actions, upon payment of accrued costs, to be discontinued, unless the defendant shows some reason which would affect the merits of the issue why it should not be done, and in this case the discontinuance was concurred in by the defendant.

As we view the law, except as to counter-claims, a discontinuance places the plaintiff in exactly the same position as if an action had never been instituted, and precludes the defendant in any subsequent proceedings upon the same subject-matter brought in another action from raising an issue which existed in the discontinued proceedings, if the subsequent proceedings do not involve the issue, and even though the facts showed that the discontinuance was without the consent of the court, and under the facts as they exist in this case, the defendant cannot avail itself of the proviso in the act exempting pending actions from the benefits of the act of assembly.

Now, March 16, 1925, demurrer to plaintiff's statement dismissed, exception noted and bill sealed, and motion to strike off plaintiff's statement sustained, unless the plaintiff files an amended statement within fifteen days from date hereof meeting the objections raised in the second reason assigned in said motion to strike, as indicated in this opinion.

From John M. Urey, Clearfield, Pa.