Collins *v.* Cornwell *et al.*

---

No. 15,680.

### COLLINS *v.* CORNWELL ET AL.

PRACTICE.—*Striking Out Exhibit.*—In order to present a question on a ruling striking out an exhibit to a complaint, the exhibit struck out must be brought into the record by bill of exceptions.

MORTGAGE.—*Reformation.*—*Mutual Mistake.*—Where a husband joins his wife in signing and acknowledging a mortgage on the wife's real estate, but, by mutual mistake, the husband's name is omitted from the conveying clause, the mortgagee is entitled to have the mortgage reformed.

From the Dearborn Circuit Court.

*H. D. McMullen* and *W. R. Johnston,* for appellant.

*J. K. Thompson,* for appellees.

OLDS, J.—This was an action brought by the appellant, Marcus Collins, against the appellees, Mary Cornwell and Levi E. Cornwell, husband of the said Mary, for judgment on a note, and for the foreclosure of a mortgage securing the same.

Issues were joined and a trial had, resulting in a judgment in the appellant's favor upon the note; and the contention arises over the right to a foreclosure of the mortgage.

There was a motion made by the appellee Mary Cornwell to strike out the exhibit to the first paragraph of the complaint, which motion was sustained, and the ruling is assigned as error.

There is no question presented by this assignment. To have saved the question the exhibit struck out should have been brought into the record by bill of exceptions, and this was not done.

The next question presented arises on the ruling of the court in sustaining a demurrer to the second paragraph of the complaint asking for a reformation and foreclosure of the mortgage.

The mortgage is in the usual form, terminating as follows: "In witness whereof the mortgagors have hereunto set their hands and seals this 31st day of March, 1885,"—and is signed

by both Mary Cornwell and her husband, Levi E. Cornwell, and both of their names appear in the certificate of the notary public, he certifying that both appeared and acknowledged the execution of the mortgage. The paragraph of the complaint contains proper averments showing the agreement to loan to Mary Cornwell $800, she to execute her note secured by mortgage on the real estate to be .executed by herself and her husband joining with her, and showing the name of the husband to have been omitted from the body or conveying part of the mortgage by mutual mistake.

The ruling of the circuit court was to the effect that the mortgage was void, for the reason that the husband did not in fact join in the mortgage, his name not appearing in the body of the mortgage, and that it could not be reformed, corrected and foreclosed; that the only right the wife has to encumber her real estate is given to her by statute, and that she can only convey by deed in which her husband joins. Section 5116, R. S. 1881. This section of the statute requires the husband to join in the execution of a deed or mortgage of the wife's real estate.

We are referred to some authorities by counsel for the appellees, to the effect that to convey a husband's or wife's interest in real estate the name must appear in the conveying clause; that the deed, to be a valid conveyance of the interest of the wife in the husband's land, or the husband's interest in the wife's land, it must appear that he or she joined in the conveying clause; that is to say, their names must appear in the conveying clause.

It is not necessary that we decide as to the sufficiency of the mortgage to convey title without reformation. The question presented is as to whether or not such a mortgage may be reformed so as to make it comply with the contract and to speak the truth. To join in a deed or mortgage means to join in the execution, which includes the making of the instrument. " The term (execute) is frequently used in law;

Collins *v.* Cornwell *et al.*

as, to execute a deed, which means to make a deed, including especially signing, sealing, and delivery. To execute a contract is to perform the contract." 1 Bouvier Law Dict ., p. 622.

"To execute a deed is to sign, seal and deliver it." See "Execute," 1 Rapalje & Lawrence Law Dict., p. 478.

In this instance it is apparent from the face of the mortgage that it was the intention for the husband to join with his wife in the execution of the mortgage. There could have been no other purpose in his signing and acknowledging the mortgage. He joins in the signing, acknowledging and in the delivery of the mortgage, but his name is omitted from the body of the mortgage. The facts alleged show that the appellant parted with his money on the belief that the mortgage was valid, and that the husband had joined with his wife. The husband had at least done part of the things necessary to constitute a joining with the wife. He had done all that required any affirmative action on his part—he signed and acknowledged the execution. The mortgage had been drafted by a third person, and, as alleged in the paragraph, it was through his mistake and inadvertence that the name of the husband was omitted from the body of the mortgage. That under the facts stated the mortgage can be reformed and foreclosed against Mrs. Cornwell and her husband we think there can be no doubt. It would be inequitable and unjust to allow them to take advantage of the omission and defeat a foreclosure of the mortgage on that account. That such errors may be corrected by application to a court of equity we think is well supported by the decisions of this court as well as other authorities. *Calton* v. *Lewis,* 119 Ind. 181, and authorities there cited.

The court erred in sustaining the demurrer to the second paragraph of the complaint.

Judgment reversed, at costs of appellees, with instructions to overrule the demurrer to the second paragraph of the complaint.

Filed March 30, 1892.