## George W. Spencer, Appellant, *v.* Isaiah Reese et ux.

*Married women—Mortgage—Acknowledgment—Evidence—Acts of February* 24, 1770, *and May* 25, 1878.

The provisions of the act of Feb. 24, 1770, 1 Sm. 307, relating to the acknowledgment of deeds and mortgages by married women, must be strictly complied with, and this must appear in the certificate of the officer taking the acknowledgment.

Where acknowledgments not in the language of the act have been held good, the certificates have shown that what was done was equivalent to what was in terms required, that the compliance was substantial, and that the essentials of a valid acknowledgment—the separate examination of the wife, her full knowledge of the contents of the instrument, and her voluntary consent to the execution of it—in fact existed.

A certificate of acknowledgment of a married woman which fails to show that the deed or mortgage was read or otherwise made known to her is fatally defective.

The act of May 25, 1878, P. L. 149, does not change the law, but provides only for reforming the certificate so that it shall conform to the facts. It cures a defective certificate, but can give no life to a defective acknowledgment.

*Equity—Reforming certificate of acknowledgment—Responsive answer—Corroborating evidence—Pleading and practice.*

A certificate of acknowledgment of a married woman to a mortgage did not state that the instrument had been read, or otherwise made known to her. The only persons present at the taking of the acknowledgment were the mortgagee, the married woman and her husband, and the magistrate. On a bill in equity to reform the certificate, defendant filed an answer denying that the mortgage was executed otherwise than as shown by the certificate of acknowledgment. Plaintiff testified that the mortgage had been read to defendant. Defendant and her husband squarely and directly contradicted plaintiff. The magistrate was dead. *Held,* that the evidence was insufficient to justify the court in reforming the certificate.

Argued Oct. 2, 1894. Appeal, No. 99, Oct. T., 1894, by plaintiff, from decree of C. P. Clarion Co., April T., 1890, dis-

missing bill in equity.   Before STERRETT, C. J., GREEN, WIL-
LIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Bill in equity to reform certificate of acknowledgment of
married woman to mortgage.   Before CLARK, P. J.

From the record it appeared that the acknowledgment before
a justice of the peace certified that " the above-named Isaiah
Reese and M. C. Reese, his wife, acknowledged the foregoing
indenture of mortgage to be their act and deed, and desired
that the same might be recorded as such.   She, the said M. C.
Reese, being examined separate and apart from her said hus-
band, declared that she signed the indenture without any coer-
cion or compulsion from her said husband."

Plaintiff alleged in his bill that the mortgage had been read
to Mrs. Reese, and that the magistrate had neglected or omitted
to certify the same.   Defendants in their answer denied that
Mrs. Reese executed and delivered said mortgage " otherwise
than is shown by the certificate of acknowledgment of the same."

Plaintiff testified that the mortgage had been read to Mrs.
Reese.   Both defendants directly contradicted him.   At the
time the bill was filed the magistrate was dead.

The court, in an opinion by CLARK, P. J., held that the evi-
dence was insufficient to sustain a decree reforming the certifi-
cate, and accordingly dismissed the bill.

*Error assigned* among others was dismissal of bill.

*John W. Reed, Harry R. Wilson* with him, for appellant, cited,
on the question of evidence : Spencer v. Colt, 89 Pa. 314 ; Cull-
mans v. Lindsay, 114 Pa. 166 ;   Thomas & Sons v. Loose, Seaman
& Co., 114 Pa. 35 ;  Juniata Building Assn. v. Hetzel, 103 Pa.
507 ;  Logue's Ap., 104 Pa. 136 ;  Honesdale Glass Co. v. Storms,
125 Pa. 268.

*W. A. Hindman, M. A. K. Weidner* with him, for appellees,
cited : Elliott v. Lessee of Piersol, 1 Pet. 328 ;  Watson v. Bai-
ley, 1 Binn. 470 ;  Hornbeck v. Building Association, 88 Pa.
64 ;  Smith v. Ewing, 151 Pa. 256 ;  Bell v. Bank, 131 Pa. 318 ;
Dick v. Ireland, 130 Pa. 299 ;  Sowers v. Weaver, 78 Pa. 443.

OPINION BY MR. JUSTICE FELL, Jan. 7, 1895 :

This is a proceeding under the act of 25th of May, 1878, to reform a defective certificate of the acknowledgment of a mortgage by a married woman. The defect in the certificate which it is sought to remedy is that it does not appear that upon her separate examination by the magistrate he read or otherwise made known to her the full contents of the mortgage and that she thereupon declared that she did voluntarily and of her own free will and accord sign and seal and as her act and deed deliver the same. It is alleged in the bill that the mortgage was in fact properly acknowledged in due form of law, and that the magistrate through inadvertence or otherwise neglected or omitted so to certify the same. The answer denies that the acknowledgment was otherwise than as shown by the certificate or that there was any omission through inadvertence or neglect. Section one of the act of 1878 confers upon the common pleas the power, when it is satisfactorily shown that " a certificate of acknowledgment defective in form was in fact really and properly acknowledged in due form of law," to make a decree for the reforming of such certificate in accordance with the actual facts. And section 2 provides that the proceeding " shall be by bill in equity, as in other cases for the reformation of a written instrument."

The first inquiry is, what is essential to constitute the valid acknowledgment by a married woman of a conveyance or mortgage of her real estate? In this state her right to convey or charge her real estate is derived solely from the act of Feb. 24, 1770. Having no power to contract or convey except by virtue of this statute, it has been uniformly held that its requirements must be strictly complied with and that this must appear in the certificate of the officer taking her acknowledgment : Watson v. Bailey, 1 Binney, 470 ; Evans v. Commonwealth, 4 S. & R. 272 ; Thompson v. Morrow, 5 S. & R. 289 ; Watson v. Mercer, 6 S. & R. 49 ; Jourdan v. Jourdan, 9 S. & R. 268 ; Barnett v. Barnett, 15 S. & R. 72 ; Trimmer v. Heagy, 16 Pa. 484 ; Glidden v. Strupler, 52 Pa. 400 ; Graham v. Long, 65 Pa. 383. In Trimmer v. Heagy, supra, it was said : " The only legitimate evidence of consent is the execution of the deed in the manner and form pointed out by the act." In Glidden v. Strupler : " The policy of the law which denies the capacity to do the act, as

clearly denies the capacity to confirm it except in the legal mode." And in Barnett v. Barnett: "It does not appear by the certificate of this acknowledgment that the contents of the deed were made known to the wife by the justice who took her acknowledgment, or that she did in fact know them. It has been expressly decided by this court that this is an incurable defect."

This rule has been announced in an unbroken line of decisions and has not been affected by the rulings in Miller v. Wentworth, 82 Pa. 280, Hornbeck v. Mutual Building and Loan Association, 88 Pa. 64, or the other cases in which it has been held that a certificate of acknowledgment is good which shows a substantial compliance with the statute.

Where acknowledgments, not in the language of the act, have been held good, the certificates have shown that what was done was equivalent to what was in terms required, that the compliance was substantial, and that the essentials of a valid acknowledgment—the separate examination of the wife, her full knowledge of the contents of the instrument, and her voluntary consent to the execution of it—in fact existed. The rule first stated in Watson v. Bailey, supra, that parol evidence is not admissible to supply defects in a certificate of acknowledgment except in cases of fraud or duress has been rigidly adhered to. If what is certified fails to show a substantial compliance, the defect is incurable. The act of 1878 does not change the law, but provides only for reforming the certificate so that it shall conform to the facts. It furnishes a remedy where the acknowledgment was made in due form of law and the certificate is defective in not stating what did actually occur. It cures a defective certificate, but can give no life to a defective acknowledgment.

The question of the sufficiency of the testimony, as to which the master and the court differed, was, we think, properly decided. The proceeding was in equity and the well recognized rules of evidence in relation to the reformation of written instruments apply. The answer was responsive to the bill. The certificate was evidence only of what it contained, and no presumption arose that anything took place before the magistrate except that to which he certified. As was said by McCollum, J., in Hand v. Weidner, 151 Pa. 362, "The certificate

of acknowledgment is, in the absence of fraud or duress, conclusive of the facts therein stated, but it does not tend to establish the existence of other facts."

There were no corroborating circumstances which threw light on the material facts in issue. They were to be determined directly from the testimony. Of the four persons who were present when the acknowledgment was taken, one, the plaintiff, testified to facts which would establish its validity. Two, the defendant and her husband, squarely and directly contradicted him. The fourth, the magistrate, was dead. The learned judge of the common pleas was clearly right in holding that the testimony was insufficient.

The decree is affirmed at the cost of the appellant.