## Simpson, et al. v. Smith, et al.

(Decided March 7, 1911.)

### Appeal from Garrard Circuit Court.

Married Women—Conveyance of Land by—Where Husband Does Not Join—Provision of Statute—A married woman cannot sell and convey her real estate without her husband join with her, and where she attempts to do so in an action by her and her husband to recover it, its possession will be adjudged to her.

WM. HERNDON for appellants.

R. H. TOMLINSON for appellees.

Opinion of the Court by Judge Nunn—Affirming.

This action was instituted for the recovery of about one-half acre of land in Garrard county. A judgment of recovery was obtained and this appeal is prosecuted therefrom. The facts of the case are: On October 23, 1906, Celia Smith, wife of appellee Luther Smith, made and executed a deed conveying this piece of land to William Dyehouse at the price of $10. The husband never joined in the conveyance. Afterwards, in April, 1908, Dyehouse desired to sell this land, but could not as the husband had not joined in the deed with his wife. Dyehouse and the husband entered into an agreement in which Luther Smith, the husband, was to repurchase the property from Dyehouse at the price of $90 and Dyehouse and wife were to convey it to him. Luther Smith went to town on the day agreed upon, but Dyehouse would not make him a general warranty deed unless he first signed the deed his, Smith's wife, had executed. This he agreed to and did do and the clerk interlined the certificate on the record by inserting the words "and Luther Smith." Dyehouse then asked him $100 for the property and Smith contended with him that he had agreed to make him a conveyance for $90. They exchanged words over the matter for a short time and Smith left the room and returned shortly with the other $10 and said that he would give the $100. Milo Simpson, a brother of appellant William Simpson, was present and he remarked to Smith "it is too late, it is already conveyed to William Simpson." Luther Smith averred in his petition that this was a scheme on the part of the two Simpsons and Dyehouse to get his signature to the deed that his wife executed

and that they never had any intention that the lot should be conveyed to him. He introduced considerable proof to establish these allegations and appellants introduced as much to the contrary. However this matter be, Celia Smith never parted with her title to the land, as her attempted conveyance was void. It is provided in section 2128, Kentucky Statutes, that a married woman cannot sell and convey her real estate unless her husband joined with her. Section 506 provided that a conveyance of a married woman my be by joint deed of the husband and wife, or by separate instrument; but in the latter case the husband must convey first. There is no pretense in the case at bar that the husband joined with the wife or that he conveyed to Dyehouse before she made her attempted conveyance. Therefore the lower court did not err in adjudging the property to her; and the ruling of the lower court is affirmed.