## Elliott, et al. v. Scoville's Assignee, et al.

(Decided September 28, 1911.)

### Appeal from Laurel Circuit Court.

1. Settlement of Decedents' Estates—In Action for, Property Fraudulently Conveyed May Be Subjected.—If the decedent or his heirs have in fraud of the rights of creditors conveyed property. to which the creditors are entitled, these conveyances may be assailed in a suit to settle the estate and recovered in this suit for the benefit of creditors if it is necessary to satisfy their debts.

2. Heirs and Devisees—Liability of Estate Conveyed by, to Creditors of Decedent.—Under section 2087 of the Kentucky Statutes, property devised or descended to the heir cannot be subjected by the creditors of the decedent in the hands of a bona fide purchaser for a valuable consideration, unless the action to subject it is instituted within six months after the estate is devised or descended; but this statute has no application to a state of case in which the property sought to be recovered is fraudulently conveyed.

3. Burden of Proof.—In an action brought by a creditor, to subject a devised or descended estate, after the expiration of six months, the burden is upon him to show that the conveyance was not bona fide and for a valuable consideration.

4. Conveyance by a Married Woman.—A conveyance of real estate by a married woman, in which her husband does not join, is void, unless the husband has theretofore conveyed; and therefore a devised or descended estate attempted to be conveyed by a married woman alone remains her property and may be subjected to debts due by her ancestor.

5. Void and Non-enforcible Contracts—Rights of Strangers.—When parties have made a contract that is not enforcible but that they are both willing to abide by, a stranger to the contract although he be a creditor cannot raise the question that the contract is non-enforcible; but if the contract is void the property sought to be conveyed by it remains in the hands of the grantor.

6. Purchaser Under Void Conveyance—Rights of.—A purchaser in good faith under a void conveyance is entitled to a lien upon the property to re-emburse him, but will be given no lien if the purchase was fraudulent.

SAM C. HARDIN, R. M. JACKSON, HAZELWOOD & JOHNSON for appellants.

W. E. BEGLEY, S. R. A. DYCHE for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

In October, 1907, James Sparks, a citizen of Laurel County, Kentucky, died intestate, leaving surviving him as his only heirs at law his widow, Rachael Sparks, and his daughter, Mrs. Nannie Troutman. In December, 1907, his widow qualified as administratrix of his estate. In August, 1908, Rachael Sparks and Nannie Troutman sold and by deed conveyed to appellant, Elliott, a tract of land in Laurel County for the recited consideration of $504, and in the same month and year they conveyed to appellant, R. M. Jackson, for the recited consideration of $1,000 a tract of land in the same county. The appellee, Scoville, in November, 1909, filed his petition in equity in the Laurel Circuit Court against the administratrix, the appellants, and other creditors of Sparks, in which, after setting out the indebtedness of James Sparks to him, and the qualification of Rachael Sparks as administratrix, he charged that the personal estate left by the deceased was not sufficient to satisfy the indebtedness, that Rachael Sparks and Nannie Troutman made the conveyances to Jackson and Elliott for the purpose of defrauding the creditors of James Sparks, and sought to subject to the payment of the indebtedness of Sparks the land so conveyed, asking that the deeds be set aside as fraudulent. He further charged that the husband of Nannie Troutman had not joined her in conveying either of said tracts of land. The suit was one to settle the estate of Sparks and to recover for the benefit of the creditors the land alleged to have been fraudulently conveyed by his heirs.

Elliott and Jackson answered, denying that the conveyances to them were fraudulent, and set up that the sales to them were bona fide and that they purchased the land for a valuable consideration from the heirs of Sparks more than six months after his death. They asked that if the deed were canceled, they be adjudged

a lien upon the property for the amounts paid by them.

After the case was prepared for trial, the court entered a judgment finding that the conveyances to Elliott and Jackson were made with the fraudulent intent to cheat, and delay the creditors of Sparks, and that Elliott and Jackson had knowledge of this intent and of the indebtedness of Sparks at the time of the conveyances; and further adjudged that as the husband of Nannie Troutman did not join in the conveyances they were void and did not pass any title. The deeds to Elliott and Jackson were ordered to be canceled, and the land subjected to the payment of the debt and the purchasers were denied a lien.

Appellants ask a reversal of this judgment for a number of reasons, but we will only notice those that seem material in the disposition of the case. It is first insisted that in a suit to settle the estate of a decedent, it is not permissible to seek to recover for the benefit of creditors property fraudulently conveyed by the decedent or his heirs to defeat the collection of debts and that it is necessary should be brought into the estate for the purpose of satisfying the indebtedness against it. But we do not think this position tenable. If the decedent or his heirs have in fraud of the rights of creditors conveyed property to which the creditors are entitled, there is no reason why these conveyances should not be assailed in a suit to settle the estate, or why they should not be recovered in this suit for the benefit of the creditors if it is necessary to satisfy their debts. If property so conveyed is necessary to pay the debts of the decedent, the creditors are entitled to have it subjected to this purpose, and this relief may be obtained in a suit to settle the estate as well as in an independent action brought specifically for this purpose. There is nothing inconsistent in the creditor pursuing both remedies in the same action, and it seems very appropriate that in an action to settle an estate that all of the estate subject to the payment of debts should be available so that full relief may be granted in one action.

Another ground of reversal is that the action to set aside these conveyances was brought more than six months after the death of Sparks, and, therefore, it was too late to subject the land conveyed. It is provided in section 2087, of the Kentucky Statutes, that—

"When the heir or devisee shall alien, before suit

brought, the estate descended or devised, he shall be liable for the value thereof, with legal interest from the time of alienation, to the creditors of the decedent or testator; but the estate so aliened shall not be liable to the creditors in the hands of a bona fide purchaser for valuable consideration, unless action is instituted within six months after the estate is devised or descended to subject the same."

Under this statute estate conveyed by the heir to a bona fide purchaser for a valuable consideration before suit is brought to subject the same, can not be subjected by creditors, unless the action to make the estate liable is commenced within the time mentioned. But this limitation only applies to and protects a bona fide purchaser for a valuable consideration. This statute has no application to a state of case in which the land sought to be recovered was fraudulently conveyed; and so when the petition—as in this case—charges that the sale was not to a bona fide purchaser for a valuable consideration but on the contrary was fraudulent and for the purpose of defeating creditors in the collection of their debts, the six months statute does not present a bar to the action. But when a creditor seeks to subject land aliened by the heir or devisee after the expiration of six months from the time the estate is devised or descended, and before suit is brought to subject it, the burden is upon the creditor to show that the conveyance was fraudulent and that the purchase was not bona fide and for a valuable consideration. To state it differently, the statute gives to the heir or devisee after the expiration of six months from the time he received the estate the right to dispose of the same, and a bona fide purchaser for a valuable consideration from him will be protected. But if the suit is brought before the expiration of six months, the estate may be subjected to the payment of the debts of the decedent, although it may be in the hands of a bona fide purchaser for a valuable consideration. In short, the statute saves the estate of the decedent for the protection of creditors for six months, during which time the heir or devisee cannot dispose of it to their prejudice, thus giving to the creditors ample time to subject the estate if they desired to do so. Kelley v. Culver, 116 Ky., 241; Alderson v. Alderson, 120 Ky., 666. As the burden in this case was upon the creditor, who did not bring his suit until more than six months after the death

of Sparks, to show that the conveyances by the heirs
after the expiration of six months were fraudulent, we
think he failed to make out a case authorizing the court
to subject the land and that the court was led into
error by assuming that the burden of proof was on the
purchaser to show that his purchase was bona fide and
for a valuable consideration.

Another question to be disposed of is this: Subject to
the widow's right of dower, the land descended to Nan-
nie Troutman, a daughter of Sparks, and the deeds con-
veying the land to Elliott and Jackson were not signed
or acknowledged by her husband. This being so, the
argument is made for the creditors that the conveyances
were void and the title to the land sought to be sub-
jected was yet in the heir, and consequently could be sub-
jected to the ancestor's debts. It is provided in sections
506, 2128 and 2129, of the Kentucky Statutes, that the
deed of a married woman to be effectual must be joined
in by her husband unless he has theretofore conveyed.
In construing these sections we held in Weber v. Tan-
ner, 23 Ky. Law Rep., 1107; Simpson v. Smith, 142 Ky.,
608; Mays v. Pelly, 125 S. W., 713, that a conveyance of
real estate by a married woman in which her husband
did not join was void unless the husband had theretofore
conveyed. This being so, the land sought to be sub-
jected as the property of Elliott and Jackson was in fact
owned by Nannie Troutman as heir of James Sparks,
and subject to the payment of debts against his estate,
the same as if she had never attempted to convey it, un-
less it be that the creditors cannot raise the question that
the attempted conveyances by Mrs. Troutman were void.
It is well settled in cases arising under the statute of
frauds and perhaps in others that the right to stand by
or avoid a non-enforcible contract is personal to the
parties to it, and creditors or strangers can not raise the
question that the contract is non-enforcible when the
paties wish to perfect it or require the parties to do that
which they do not wish to do. Clary v. Marshall, 5 B.
Mon., 269; Walker v. Walker, 19 Ky. Law Rep., 628;
Harding v. Harding, 140 Ky., 277; 20 Cyc., 306. This
doctrine is rested upon the theory that when parties
have made a contract that is not enforcible, but that they
are both willing to abide by, a stranger to the contract
although he be a creditor can not come in and insist that
the contract shall not be enforced, or rather that the
parties to it shall not consummate it. But, in this class

of cases the parties to the contract that was not enforci-
ble because forbidden by law could perfect it, and are
permitted to do so without being hindered by strangers:
or creditors; and this is all that the courts have de-
cided.　Now, the essential difference between this class
of cases and the one before us lies in the fact that this
contract is not only not enforcible but it is void.　It could
not be perfected by the parties.　No act on the part of
Mrs. Troutman could impart validity to it.　As the con-
tract was void, it necessarily follows that the title to the
property is yet in Mrs. Troutman, subject to the dower
of Mrs. Sparks if she has dower in it, and this being so,.
it may be subjected to the debts of her ancestor.　Ken-
tucky Statutes, section 2088; Rubel v. Bushnell, 91 Ky.,.
251; Lancaster v. Wolff, 110 Ky., 768; Massie v. Hiatt,
82 Ky., 314; John Shillito Co. v. Keith, 25 Ky. Law
Rep., 770; Ferguson v. Worrall, 125 Ky., 618.

The only remaining question to be considered is,.
should the purchasers under these void conveyances have
liens upon the property for the amounts paid by them:
Upon this point our conclusion is that if Elliott and
Jackson were purchasers in good faith for a valuable
consideration, they should have a lien for the amounts
actually paid by them, the interest being set off against
the use of the premises.　May v. Pelly, 125 S. W., 713.
But if they were not purchasers in good faith for a
valuable consideration; or, in other words, if their pur-
chases were fraudulent or the contract entered into by
them to defeat the creditors in the collection of their
debts, they will not be allowed a lien.　The issue as to
the right of Mrs. Sparks to dower in this land we do not
decide, leaving it open for the lower court to dispose of.
Upon a return of the case both parties may file such ad-
ditional pleadings as they desire to present these issues,.
and take such evidence as they wish.

Judgment is reversed for proceedings in conformity,
with this opinion.