## Duncan v. Jenkins, et al.

(Decided May 18, 1926.)

### Appeal from Union Circuit Court.

1. Husband and Wife—Mortgage of Married Woman, though Subscribed and Acknowledged by Husband, is Void, where his Name does Not Appear in Body Thereof, and he has Not Previously Made a Separate Conveyance (Ky. Stats., Sec. 506).—Under Ky. Stats., sec. 506, mortgage of married woman, though subscribed and acknowledged by her husband, is void, where his name does

not appear in body thereof, and he has not previously made a separate conveyance.

2. Reformation of Instruments—Equity Cannot Modify and Give Effect to Contract Not Complying with Statute, Statutes being Binding on Court of Equity, as Well as Law.—Where contract is void because not in compliance with express statutory provisions, court of equity cannot modify it, so as to make it legal, and then enforce it; statutes being binding on courts of equity, as well as courts of law.

3. Reformation of Instruments—Mortgage of Married Woman, Void Because of Omission of Husband's Name Cannot be Reformed by Court of Equity (Ky. Stats., Sec. 506).—Mortgage of married woman, void, under Ky. Stats., sec. 506, because of omission of husband's name in body thereof, cannot be reformed by court of equity so as to give it effect.

DAVIS & JONES for appellant.

FLOURNOY & FLOURNOY for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On December 22, 1919, W. L. Duncan sold and conveyed to Nellie Lee Jenkins a small tract of land in Union county. No part of the purchase money was paid in cash, but Mrs. Jenkins and her husband executed four notes which were secured by a lien on the land conveyed, and also by a mortgage on other land owned by Mrs. Jenkins. Though the mortgage was properly executed and acknowledged by Mrs. Jenkins and her husband, his name did not appear in the body of the mortgage.

Mrs. Jenkins and her husband having defaulted in the payment of the notes, W. L. Duncan brought this suit to enforce his vendor's lien, and to reform the mortgage on the ground of mistake. To that part of the petition asking a reformation of the mortgage a demurrer was sustained, and to that extent the petition was dismissed. Plaintiff has appealed.

The facts on which a reformation is sought are these: It was orally agreed between the parties that as no cash payment was made on the land purchased the notes given for the purchase price should be secured both by a lien on the land and by a mortgage on a 24½ acre tract owned by Mrs. Jenkins. The trade was carried out by the execution and delivery of the deed by the grantor and the execution and delivery of the notes and mortgage by Mrs. Jenkins and her husband. The deed not only provided

that the notes were secured by a lien retained on the land conveyed, but contained the following provision:

"To further secure these notes above mentioned the said Nellie Lee Jenkins and her husband, Oscar Jenkins, this day executed and delivers to said Duncan a mortgage on their 24½ acres of land, which is bounded as follows." (Here follows description.)

Also each of the notes provided: "And to further secure this note a mortgage of even date is this day executed and delivered on the 24½ acres of land." Furthermore, the mortgage which Mrs. Jenkins and her husband signed and acknowledged was executed for the purpose of securing the notes, and contained an accurate description of the land proposed to be mortgaged. The mortgagors not only agreed, but intended and attempted, to execute a valid mortgage, but by mutual mistake of the parties and the draftsman the name of Mrs. Jenkins' husband was omitted from the body of the mortgage. For these reasons the chancellor was asked to correct the mistake and make the mortgage conform to the agreement and intention of the parties.

Section 506, Kentucky Statutes, is as follows:

"The conveyance may be by the joint deed of husband and wife, or by separate instrument; but in the latter case the husband must first convey, or have theretofore conveyed. The deed as to both husband and wife may be acknowledged or proven and recorded as heretofore, or by this act, provided."

This section has been construed in numerous cases, and it has been uniformly held that the deed of a married woman, though subscribed and acknowledged by her husband, was void where his name did not appear in the body of the deed, and he had not previously made a separate conveyance, and the rule is applicable to a mortgage as well as a deed. Brady v. Gray, 31 S. W. 734, 17 Ky. Law Rep. 512; Weber v. Tanner, 64 S. W. 741, 23 Ky. Law Rep. 1107; Simpson v. Smith, 142 Ky. 608, 134 S. W. 1166; Mays v. Pelly (Ky.) 125 S. W. 713; Elliott, etc. v. Scoville, etc., 144 Ky. 584, 139 S. W. 806; Page v. Stave Co. (Ky.) 125 S. W. 172; Hellard v. Rockcastle Mining Co., 153 Ky. 259, 154 S. W. 401; Hatcher v. Andrews, 5 Bush, 561; Beverly v. Waller, 115 Ky. 600, 74 S. W. 264, 24 Ky Law Rep. 2505, 103 Am. St. Rep. 342; Newby v.

Cox, 81 Ky. 58; Daniels v. France, 168 Ky. 749, 182 S. W. 919; Farley v. Stacey, 177 Ky. 109, 197 S. W. 636, 1 A. L. R. 1181. The question sharply presented is whether a court of equity will reform and thus give legal effect to the mortgage of a married woman which is void because of a failure to comply with the requirements of the statute. The question was answered in the affirmative by the Supreme Court of Indiana in Collins v. Cornwell (Ind.), 30 N. E. 796, a case where the husband signed and acknowledged the mortgage, but his name was omitted from the body of the instrument. The conclusion of the court was based on the fact that it was the intention of the husband to join in the execution of the mortage; that he signed and acknowledged it and thus did all that required affirmative action on his part; that the mortgage was drafted by a third person, and that it was through his mistake and inadvertence that the name of the husband was omitted from the body of the mortgage; and that this was an error which a court of equity could correct. We find ourselves unable to agree with this reasoning. It is true that a court of equity has the power to reform a written instrument so as to make it conform to the intention of the parties, but the power to reform does not carry with it the power to nullify a statute. On the contrary, it is well settled that statutes are as binding on courts of equity as on courts of law, and where a contract is void because not in compliance with express statutory provisions a court of equity can not modify it so as to make it legal and then enforce it. Hedges v. Dixon County, 150 U. S. 182, 39 L. ed. 1044; Brazora County v. Youngstown Bridge Co., 80 Fed. 10. The rule is peculiarly applicable to the contracts of married women not made in conformity with statutes enacted for their protection, the majority of the courts holding that where there is an omission of some statutory requirement in the deed of a married woman essential to its validity the mistake can not be corrected. Gebb v. Rose, 40 Md. 387; Jewett v. Davis, 92 Mass. (10 Allen) 68; Dickinson v. Glenney, 27 Conn. 104; Holland v. Moore, 39 Ark. 120; Spencer v. Reese, 165 Pa. 158; 13 R. C. L. 1315; Grapengether v. Fejervary, 9 Iowa, 163; Martin v. Dwelly, 6 Wend. 9; Lane v. McKeen, 15 Maine 304; Purcell v. Goshorn, 17 Ohio 105. This, it seems to us, is the sounder view. It follows that the demurrer was properly sustained.

Judgment affirmed.

Whole court sitting.