## People's Bank of Science Hill v. Farley et al.

(Decided November 7, 1930.)

K. S. ALCORN, E. T. WESLEY and GLADSTONE WESLEY for appellant.

PETER MUIR McROBERTS for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

In a suit upon two notes of $2,500 each, subject to various credits and secured by mortgage upon divers pieces of property, the People's Bank of Science Hill was given judgment for $4,616.75, with interest, against J. C. and Minta Farley, but it was denied a first lien upon one tract of 108 acres of land in Lincoln county, and hence the bank appeals.

Minta Farley's first husband was a man named Blair. After his death she qualified as guardian of their three children, Jesse Blair, Buell Blair, and Gilmour Blair. Considerable money came into her hands as such guardian. It is claimed she used some of the money belonging to her wards, and from this record it appears that on January 23, 1921, she stated she owed them $5,000. In an effort to secure to her wards the repayment of that sum, she undertook on that day to execute a mortgage from herself as an indivdual to herself as guardian upon this 108 acres of land. Her husband did not then join in this mortgage; hence it was a nullity. See Duncan v. Jenkins, 215 Ky. 543, 286 S. W. 783. He afterwards attempted to ratify and confirm it, which added nothing to it. See Simpson v. Smith, 142 Ky. 608, 134 S. W. 1166.

On April 14, 1922, Minta Farley and J. C. Farley, her husband, mortgaged this 108 acres of land and other lands to George Webb and Harvey Fletcher to secure the payment of two notes of $2,500 each.

Webb and Fletcher knew of the mortgage Minta Farley had attempted to make to herself as guardian on this 108 acres. Webb and Fletcher, on February 11, 1927, assigned these notes and the liens to secure them to the People's Bank of Science Hill. On October 22, 1927, the bank sued the Farleys on these notes, with the result stated in the caption. There is just one question presented, and that is: Should the court have adjudged the bank a first lien on this 108 acres?

It is admitted the bank stands in the shoes of Webb and Fletcher, and that any defense can be made against it that could be made against Webb and Fletcher. We have no evidence as to the exact nature of the $5,000 indebtedness which Mrs. Farley owed her wards. The attempted mortgage to secure it is a nullity, and hence the mortgage given Webb and Fletcher and now owned and sued on by the bank was a first lien on the 108 acres. The rights of litigants must be determined by the showing made in the record. So far as we know, the statement that Mrs. Farley owed her wards $5,000 may be untrue, or, if true, this $5,000 may have been money used by her to buy automobiles, or she may have lost it in the stock markets. If there were some showing here that this $5,000 had been used in the purchase of this land, it might be said a constructive trust was imposed upon it for the benefit of her wards, but, as nothing of that kind

appears, the court erred in refusing the bank a first lien upon the 108 acres.

The judgment is reversed, with directions to enter a judgment as indicated.