STRONG, et al. *v.* POWELL, et al.

No. 42586          March 4, 1963          150 So. 2d 516

*McClendon & McClendon,* Jackson, for appellants.

*Harmon W. Broom,* Jackson, for appellees.

58

JONES, J.

This case comes here from the First Judicial District of Hinds County, Mississippi, from a decree granting reformation of a void deed of trust given on the homestead by the husband but not signed by the wife. The question is can such a deed of trust be reformed. We hold that it cannot.

F. E. Powell and wife, Mrs. Bertha Powell, together with their trustee, filed suit against Ora Strong, the sole and only heir and widow of Jim Strong. The suit was also against Burwell Realty Company and B. B. McLendon, Jr., trustee. It alleged that F. E. Powell and wife were the beneficiaries in a deed of trust on certain property in the City of Jackson described particularly in said bill of complaint. It charged that prior to the date of said deed of trust the property had two residence structures thereon, and that the proceeds of the loan evidenced by said deed of trust were used by Jim Strong, deceased, and the defendant, Ora Strong, for the purpose of rehabilitating and reconstructing the two residence units into one residence unit to be used by the said Strongs as their residence and homestead; that the said deed of trust was for the sum of $4623, payable in 60 monthly installments of $77.05 each; that said deed of trust was given on July 23, 1959, and on the day of the execution, the defendant Ora Strong was present and acting in her capacity as part owner and as the wife of Jim Strong; that on said date a note for said amount payable to F. E. Powell and wife was executed by Jim Strong and Ora Strong; and that a

distribution sheet showing the proceeds of the loan which the deed of trust and note evidenced was signed and executed by Jim Strong and Ora Strong. A copy of the deed of trust and note was attached to the bill of complaint as exhibits. The deed of trust was signed only by Jim Strong. The bill charged that Jim and Ora Strong had executed a brokerage and agency agreement in connection with the said loan and a copy of that was attached whereby they requested White Way Finance Company, Inc., to act as their agent and broker to secure a loan of $4623 for them. Ora could not write and her name was purported to be signed by "X". However, as stated, the deed of trust did not purport to be signed by Ora and was not prepared for execution by her. It was charged that Ora Strong, by reason of mutual mistake between the complainants and those acting for them and Ora Strong, failed because of said mutual mistake and inadvertence to make her "X" upon the deed of trust aforesaid in the manner and form in which she executed the other instruments. It showed that the proceeds of said loan were used to pay off some other deeds of trust, insurance premiums, the deeds of trust being held by Magnolia State Savings and Loan Association of Jackson and by the Southern Loan Company. There was also paid to McKay Plumbing Company of Jackson money for plumbing work on the residence, and to the Economy Lumber Company money for materials furnished in connection with the reconstruction of the residences upon the property, and money to the contractor. The prayer of the bill of complaint was for a reformation of the deed of trust so that it should be decreed to be a prime deed of trust upon the property. The bill of complaint also sought to cancel a deed of trust executed by Ora Strong after the death of her husband to B. B. McLendon, Jr., trustee, to secure a debt to Burwell Realty Company, in the sum of $1003.-15.

As to the defendant Ora Strong, the only relief sought was the reformation of said deed of trust, and lien upon the property described therein. The defendants all filed answers, including a general demurrer on the ground there is no equity on the face of the bill. A plea of limitations of action and a special plea of non-joinder, together with an answer, were also filed. On the trial the evidence showed the property was a homestead of Jim and Ora Strong and the chancellor so found after hearing the evidence.

The evidence further disclosed that Jim and Ora Strong first applied for a loan of about $3700 in order to repair and reconstruct the two houses they owned in accordance with requirements of the City of Jackson, and that they wanted to combine the two houses and make them into one for a homestead. When they made their application through the finance company, the Powells agreed to make the loan, and Jim and Ora Strong executed a deed of trust in June for something over $3700, which was placed of record. Later they returned, it appearing that the $3700 would not be sufficient to do the work they had to do and asked for an additional loan of approximately $600. The loan was granted, a note was prepared, but in preparing the deed of trust, because of mistake or oversight, it was not prepared for Ora to sign and was only signed by Jim. This was in July and after the second deed of trust from Jim had been recorded, they cancelled the deed of trust that had been made in June for $3700.

The money was used to pay, as hereinbefore stated, a couple of valid deeds of trust, contractor's bills for work, materialmen's bills, plumbing bills, lumber bills, and apparently all the materials and labor in connection with the reconstruction of the buildings. The buildings were reconstructed into one building and Jim and Ora lived in the new building. Jim died and Ora made the payments for several months, but then stopped payments

and this suit was filed. Letters of administration were issued on the estate of Jim Strong and this suit for reformation was not filed until after the six months period for probating claims had expired, and the note executed by Jim and Ora was not probated.

■■ It was claimed that the administratrix should have been made a party to the suit. We do not think it was necessary to make the administratrix a party to the suit. The land descends directly to the heirs and in this case the six months had expired with no claims probated, so no creditors could be involved and Ora was the only heir.

■■ It is claimed that because the note was not probated within six months that it became barred and was not sufficient to support the claim of a lien. We do not think this position is tenable.

The chancellor, in a written opinion, found that the property was a homestead, and that the deed of trust signed only by Jim was a nullity. He proceeded, however, to enter a decree reforming the deed of trust so as to show her signature and providing how the payments should be made.

There are many equities on the side of appellee, and the case that we have found most similar to it is Box v. Early, 181 Miss. 19, 178 So. 793.

■■ However, an encumbrance on the homestead signed by only one of the spouses is void. Sec. 330, Miss. Code 1942; Hughes v. Hahn, 209 Miss. 293, 46 So. 2d 587; Thompson v. Dyess, 218 Miss. 770, 67 So. 2d 721. ■■ A bill to reform presupposes that you have something that can be reformed. ■■ A void deed of trust being an absolute nullity constitutes, as we see it, nothing to be reformed. 76 C.J.S. 413, the last paragraph of Sec. 61 reads:

"Noncompliance with statutory requirements. As a general rule, instruments which do not comply with statutes enacted for the protection of married women may

not be reformed, the majority of courts holding, although there is some authority to the contrary, that, where there is an omission of some statutory requirement in the deed or mortgage of a married woman essential to its validity, the mistake may not be corrected.''

In the last paragraph of Sec. 62 of the same book, it is stated:

''The power of a court of equity to reform instruments by supplying terms and provisions omitted by mistake, as discussed supra Sec. 38, does not extend to the reformation of an omission of a release of homestead in a conveyance of land, since such release is a statutory requirement. So a mortgage will not be reformed so as to include the homestead, although intended to be embraced therein, if the statutory requirements as to execution, signature, acknowledgment, etc., of the wife have not been complied with; and this rule has been applied notwithstanding that before suit was brought the husband had died, and the widow by her answer assented to such reformation; nor will such a conveyance be reformed against the wife after the husband's death or after the land has ceased to be the homestead.'' See also 45 Am. Jur., p. 585, Sec. 4, Sec. 6, p. 586.

The fact that a void deed of trust on the homestead cannot be reformed is supported by decisions in other states, towit: O'Malley v. Ruddy (Wis.), 48 N.W. 116; Petesch v. Hambach, et al., 48 Wis. 443, 4 N.W. 565. In this last case, the Court said:

''An essential condition upon which a court of equity will reform a written instrument is that the parties thereto had made a binding contract which they mutually agreed to incorporate in the instrument but which through fraud or mistake they failed to do. The original contract must be valid, or no reformation of the instrument will be decreed, however clearly the mistake be

established. . . . . . . Because of her disability to contract, it has uniformly been held that if a wife join her husband in the execution of a defective conveyance, such conveyance cannot be reformed as to her, unless by virtue of an express statute."

Duncan v. Jenkins, et al., is a Kentucky case reported in 286 S.W. 783. The instrument to be reformed was not correctly executed under the statute and could not be reformed.

See also Sanger, et al. v. Calloway, et ux., Commission of Appeals of Texas, 61 S.W. 2d 988.

In Federal Land Bank of New Orleans v. Myers, et al., 169 Miss. 43, 152 So. 470, the Bank held a deed of trust given by Myers and his wife. It omitted 20 acres on which the house and improvements were located and the bank sued among other things for reformation to include this 20 acres. In deciding the case, our own Court, on pages 48-49 of the Miss. Report, said:

"We do not think the deed of trust given to the Federal Land Bank of New Orleans under the evidence could be reformed so as to include the omitted land which was occupied as a homestead. The husband, by his own act alone, cannot dispose of a homestead. In order for a deed of trust or deed to be valid as to a homestead, it must be signed by the wife as well as the husband. Consequently the deed of trust given to the Federal Land Bank of New Orleans could not be reformed so as to embrace the 20 acres containing the homestead although it was represented by the husband that the house and buildings were upon the land embraced in the deed of trust."

██ █ The Court being without authority to reform a void instrument, it is requisite that we reverse the cause. However, because of certain equities hereinafter mentioned disclosed by the bill of complaint and by the evidence. we are also remanding it.

While the bill of complaint prayed only for reformation of the instrument, it did contain a prayer for general relief, and, as hereinbefore recited, it contained averments showing that the money advanced and attempted to be secured by the void instrument was used in the payment of at least two deeds of trust and accounts for labor and materials which went into the rehabilitation and reconstruction of the residence. In other words, the money, according to the averments and the evidence in the case, went into the property of Ora Strong and she got the advantage of it by paying off these deeds of trust, and if the other accounts were secured by liens, their discharge. We think that under these circumstances appellees would be entitled to be heard on the question of subrogation for at least the amounts paid to cancel the valid deeds of trust, and it is for the lower court to determine about the other accounts paid as to whether complainants were entitled to subrogation on those, together with the divers amounts. However, there is still another matter. The bill of complaint contained no reference to the deed of trust made in June but it was introduced in evidence over objection of the defendant, and evidence was also admitted showing that when the additional loan was made and the new deed of trust signed only by Jim Strong executed and recorded, the deed of trust executed in June was cancelled. On remand of the case, appellees will have an opportunity to recast their pleadings so as to seek whatever equities they might think under the circumstances they are entitled to have.

We do not pass upon any questions on this appeal except those specifically mentioned herein.

Reversed and remanded.

*McGehee, C. J., and Gillespie, McElroy and Rodgers, JJ.,* concur.