BRADY, Justice.
This case is a sequel to Strong v. Powell, 247 Miss. 55, 150 So.2d 516 (1963). In the *259 original action, F. E. Powell and wife, Mrs. Bertha Powell, together with the trustee under a deed of trust, filed suit against Ora Strong, the sole heir and widow of Jim Strong, seeking to reform a void deed of trust given on the homestead by the husband but not signed by the wife. The decree of the Chancery Court of Hinds County, First District, reforming the instrument was reversed and the cause was remanded, in order that complainants might have an opportunity to amend their pleadings to seek alternative equitable relief. On remand, the Powells amended their bill of complaint to ask for imposition of an equitable lien upon the real property and for general relief.
On June 26, 1959, Jim Strong and Ora Strong executed a note and deed of trust on their property to the Powells in the sum of $3,771. The loan was made through a broker, Whiteway Finance Company, Inc., which made certain disbursements from this loan to pay off prior liens and costs of repairs. The amount of the loan was not sufficient to amortize the repairs and other charges, so on July 23, 1959, Jim Strong alone executed another note and deed of trust in the sum of $4,623. His wife signed the note but not the deed of trust. Our prior decision held this deed of trust to be void, because it covered homestead and was not executed by the wife.
On the second trial the chancery court reinstated the prior deed of trust of June 26, 1959, it having been cancelled of record in reliance upon the validity of the deed of trust of July 23, in order to adjust the equities between the parties. The trial court was justified in reinstating the first deed of trust under these circumstances, as a matter of equity and justice.
However, we amend and modify the decree in the amount of the lien found by the chancery court. Ora Strong paid on the debt $1,071.60. The chancery court deducted this sum from the principal amount of the first note and deed of trust, $3,771, leaving a balance of $2,699.40, plus accrued interest of $479.88, thus resulting in a decree against defendants of $3,179.28.
The record as to applications of the disbursements by the lenders for the benefit of the Strong property is not entirely clear and satisfactory, but the evidence supports the chancellor’s allowance of the following items, and certainly we cannot say he was manifestly wrong as to them:
Magnolia Savings & Loan Assn, (for prior lien) $ 803.17
Southern Loan Corp. (for prior lien) 228.00
Brickell - Lambert Insurance (for fire insurance on houses) 10.20
J. C. Stennett, Attorney (for title certificate) 25.00
Economy Lumber Company 642.81
McKay Plumbing Company 610.65
Jim Strong & Moman (an electrician) 106.00
Total allowable disbursements $2,425.83
Less: Amount paid by Strongs 1,071.60
Principal balance due $1,354.23
The chancery court manifestly erred in allowing two items paid to Jim Strong in cash, without any showing that they were utilized for the two houses on the property. They are disbursements on July 29, 1959, of $337.00, and on August 11, 1959, of $450.00, aggregating $787.00. They are disallowed.
Accordingly, the decree of the chancery court is amended and modified here so as to award appellees a judgment against appellants for the sum of $1,354.23, plus interest at the rate of six percent per annum, as specified in the deed of trust, from the date of the respective disbursements. Counsel will make mathematical computations of interest on this basis, and the accrued interest will be added to the stated principal balance due in the judgment to be entered by this Court
*260 The original bill was filed on June 29, 1961. On June 20, 1962, after Jim Strong’s death, Ora Strong gave a deed of trust on this property to B. B. McClendon, Sr., and B. B. McClendon, Jr., beneficiaries, Henry Edmonds, trustee. On remand by this Court for amendments to the pleadings, complainants continued to seek the same type of relief. Both Mc-Clendons, attorneys for defendants, represented them throughout this entire proceeding. B. B. McClendon, Sr., and Edmonds, trustee, were made parties to the suit, but B. B. McClendon, Jr., was not. Although the better practice would have made Mc-Clendon, Jr., co-beneficiary in the deed of trust, a party to the suit, this was not reversible error. He and his father took the deed of trust after the suit was filed, they represented the Strongs, had actual notice of all proceedings, filed all pleadings on behalf of the Strongs, and represented them in the two trials. Their subsequent deed of trust was subject to any decree ultimately rendered. Under Code Section 758, they had actual notice of the pending suit. Miss. Code Ann. § 758 (1956).
Appellant urges that the relief granted by the chancery court could not be properly granted because it was inconsistent with the proof and the prayer under ap-pellees’ theory of the case. We have carefully considered these contentions and hold that they are without merit. Although the appellees did not specifically plead or pray for the reinstatement of the original deed of trust, nevertheless, the proof as is presented in this case, together with the general prayer, is sufficient to permit the chancellor to grant the relief which was accorded in this instance.
We pointed out in State Stove Manufacturing Company v. Hodges, 189 So.2d 113 (Miss.1966) that under the prayer in the bill for general relief complainants may have any other relief than that specifically prayed for if it is within the scope of the facts of the bill, not inconsistent with its purpose, and cannot he said to surprise the defendant. Griffith, Mississippi Chancery Practice §§ 186, 187 (1950). Under the broad rules of equity and under the authority of this and other decisions, we hold that there is no merit in this assignment of error by appellants.
Affirmed as modified and amended.
ETHRIDGE, C. J., and RODGERS, JONES and SMITH, JJ., concur.